# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEVEN E. HAMMER, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| vs. ) | No. 08-0339-CV-W-FJG |
| JP'S SOUTHWESTERN FOODS, L.L.C. ) d/b/a JOSE PEPPER'S BORDER GRILL & ) CANTINA; and DOES 1 through 10, inclusive, ) ) | |
| Defendants. ) | |

# ORDER

Pending before the Court is Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel (Doc. 36) with Suggestions in Support (Doc. No. 37), Defendants' Suggestions in Opposition (Doc. 66), and Plaintiff's Reply Suggestions (Doc. No. 84). Both parties requested oral argument on the issue of class certification. After reviewing the pleadings, the Court is confident the issue has been fully briefed and as such, the requests for oral argument are DENIED.

## BACKGROUND

In order to assist in the prevention of identity theft as well as credit card and debit card fraud, the Fair and Accurate Credit Transactions Act, 15 U.S.C. § 1681 *et seq*. ("FACTA"), provides numerous protections for consumers. Of significance in this action is section 1681c(g), which provides that:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last five digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

FACTA required full compliance with its provisions no later than December 4, 2006. 15

U.S.C. § 1681c(g)(3)(A) and (B).

Defendants operate a restaurant in Kansas City, Missouri. Defendants accept credit cards for payment at their restaurant. Plaintiff made a purchase at Defendants' place of business, and in return, received an electronically printed receipt that did not comply with FACTA. Between December 6, 2006 and December 7, 2007 there were more than 45,000 credit card transactions at Defendants' restaurant.

In his Complaint filed May 6, 2008, Plaintiff alleged that Defendants willfully violated FACTA by failing to properly truncate the credit card and debit card numbers on electronically printed receipts provided to their customers. FACTA provides for damages of "not less than $100 and not more than $1,000" for each aggrieved person. 15 U.S.C. § 1681n(a)(1)(A). Plaintiff seeks statutory damages on behalf of himself and a proposed class of similarly situated individuals pursuant to section 1681n(a)(1)(A), and punitive damages pursuant to section 1681n(a)(2).

Plaintiff seeks class certification under Federal Rule of Civil Procedure 23(a) and 23(b)(3) on behalf of the following class:

> All persons to whom Defendant provided an electronically printed receipt at the point of sale or transaction, in a transaction occurring after December 4, 2006, on which Defendant printed more than the last five digits of the person's credit card or debit card number.

Defendants oppose class certification and allege that Plaintiff fails to meet every requirement of Fed. R. Civ. P. 23(a) and 23(b)(3).

## LEGAL STANDARD

"To be certified as a class, plaintiffs must meet all of the requirements of Rule 23(a) and must satisfy one of the three subsections of Rule 23(b)." In re St. Jude Med. Inc., 425

F.3d 1116, 1119 (8th Cir. 2005). Under Rule 23(a):

> One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

As stated above, in addition to the requirements set forth in Rule 23(a), a proposed class must satisfy one of the three alternative requirements of Rule 23(b). Fed. R. Civ. P. 23(b). Plaintiff seeks certification pursuant to Rule 23(b)(3), which authorizes certification when:

> the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).

**A.      Federal Rule of Civil Procedure 23(a).**

**1.      Numerosity**.

Rule 23(a)(1) requires that the proposed class be "so numerous that joinder of all members is impracticable." Plaintiff states that the number of consumers receiving a non-compliant credit card and/or debit card receipt from Defendants meet the numerosity requirement.

Number is but one of several considerations relevant to the joinder impracticability issue. In addition to the size of the class, the Court may also consider the nature of the action, the size of the individual claims, the inconvenience of trying individual suits, and any

other factor relevant to the practicability of joining all the putative class members. Paxton v. Union Nat'l Bank, 688 F.2d 552, 559 (8th Cir. 1982) (citing C. Wright & Miller, Federal Practice and Procedure § 1762).

Defendants argue that Plaintiff has failed to establish numerosity. Although Defendants admit that there were more than 100 persons to which it provided non-compliant receipts, Defendants assert that Plaintiff has failed to exclude from his class definition those who were provided receipts for businesses, or non-consumers who visited the restaurant for business as opposed to for personal reasons. Defendants contend such receipts would not be actionable under FACTA, and therefore the proposed class would presumably number fewer than 100. However, Plaintiff points out that Defendants concede in their Opposition to Plaintiff's Motion for Class Certification that "[b]etween December 6, 2006, and December 7, 2007, there were more than 45,000 credit card transactions at [its restaurant]." (Def.'s Opposition at 2). Plaintiff alleges that all receipts printed during this time period were non-compliant with FACTA.

There are no "arbitrary rules" dictating the number of class members necessary to satisfy numerosity. Paxton, 688 F.2d at 559. "The numerosity requirement must be balanced against the possibility of [numerous] separate trials. Bradford v. Agco Corp., 187 F.R.D. 600, 604 (W.D. Mo. 1999)("This Court finds that a class of twenty to sixty five members is sufficiently numerous under Rule 23."). It has been consistently held that joinder is impracticable where the class is composed of more than 40 persons. Herbert B. Newberg & Alba Conte, Newberg on Class Actions, Vol. 1, § 3.05 (4th ed. 2002).

After reviewing the parties' respective arguments, the Court finds that Plaintiff has met the numerosity requirement.

4

## 2. Commonality.

Rule 23(a)(2) is satisfied where there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). All issues need not be common to every member of the class. See Paxton, 688 F.2d at 561. Rather, Rule 23(a)(2) is satisfied "where the question of law linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated." Id.; see also DeBoer v. Mellon Mortgage Co., 64 F.3d 1171, 1174 (8th Cir. 1995). In this case, Plaintiff alleges, he and the proposed class share not only common, but virtually identical questions of law and fact, namely: (1) whether Defendants provided Plaintiff and members of the potential class with non-compliant receipts; (2) whether Defendants' conduct violated FACTA; (3) whether Defendants' conduct was willful; (4) whether Plaintiff and the proposed class are entitled to the same damages; and (5) the nature and applicability of any alleged affirmative defenses which Defendants may raise.

Defendants respond that communications that may have occurred between its restaurant and purported class members would have an effect on the issue of willful behavior, and as such Plaintiff has failed to establish commonality. Plaintiff notes that to prove willful non-compliance, the inquiry focuses on the Defendants' state of mind in implementing its policies and procedures, not on the customer's particular interaction with the Defendants. Whether each putative class member claims to have made Defendants aware of their non-compliance is of no importance.

In a case such as this, Plaintiff asserts, the "overriding legal issue is whether [the restaurant]'s non-compliance was willful so that the class members are entitled to statutory damages." Reynoso v. South County Concepts, No. 07-CV-2512, 2007 WL 4592119, at

*2 (C.D. Cal. 2007). Further, commonality is satisfied by the Defendants' standardized conduct: the failure to truncate credit card numbers. See Harris v. Circuit City Stores, Inc., No. SACV-07-373-JVS, 2008 WL 400862, at *6 (N.D. Ill. Feb. 7, 2008).

In light of the foregoing, the Court finds that Plaintiff has met the commonality requirement.

### 3. Typicality.

Rule 23(a)(3) requires that the proposed class representatives present claims "typical" of other class members – in other words, class representatives should have the same interests and seek a remedy for the same injuries as other class members. See East Texas Motor Freight Sys., Inc. v. Rodriguez, 431 U.S. 395, 403 (1977). The Eighth Circuit "long ago defined typicality as requiring 'a demonstration that there are other members of the class who have the same or similar grievances as the plaintiff." Chaffin v. Rheem Mfg. Co., 904 F.2d 1269, 1275 (8th Cir. 1990). Again, Plaintiff claims that his claims against Defendants are not only typical, but *identical* to those of the proposed class. Defendants' argument that Plaintiff fails to establish typicality due to a lack of knowledge as to whether any individual class members suffered "actual damages" is without merit, as Plaintiff is not seeking actual damages.

The Court finds that Plaintiff has satisfied the typicality requirement.

### 4. Adequacy.

In addition to the foregoing, Rule 23(a)(4) requires that the putative class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The rule has two components: "whether (1) the class representatives have

common interests with the members of the class, and (2) whether the class representatives will vigorously prosecute the interests of the class through qualified counsel." Paxton, 688 F.2d at 562-63. Here, Plaintiff has met his burden of showing his interests are not antagonistic to the interests of the proposed class. Plaintiff's interests are virtually identical to those of the proposed class members in establishing that Defendants violated FACTA's statutory provisions.

Further, Plaintiff's counsel is well-versed in class action litigation, including FACTA litigation, which further supports a finding of adequacy. Finally, contrary to Defendants' argument, Plaintiff possesses sufficient knowledge of the dispute and understands his role as a class representative.

The Court finds that Plaintiff has met the adequacy requirement.

**B.  Federal Rule of Civil Procedure 23(b)(3).**

**1.  Predominance.**

In addition to the class certification requirements set forth in Rule 23(a), a proposed class must satisfy one of the three alternative requirements of Rule 23(b). Fed. R. Civ. P. 23(b). Rule 23(b)(3) authorizes certification when "[t]he court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The predominance requirement is satisfied if "there exists generalized evidence which proves or disproves an element on a simultaneous, class-wide basis, since such proof obviates the need to examine such class member's individual position." In re Potash Antitrust Litig., 159 F.R.D.

682, 293 (D. Minn. 1995).

Plaintiff argues that he and the putative class members share two common and essential links: whether Defendants' alleged standardized practice of failing to provide properly truncated printed sales receipts violated FACTA, and whether Defendants' failure to do so was willful. Defendants assert that Plaintiff fails to meet the predominance requirement of Rule 23(b)(3) because individual inquiries must be made of each class member to determine if they have standing to sue as a "consumer", as defined by FACTA. Plaintiff asserts that while each class member's right to recovery depends on the fact that he or she is a "consumer", this is an issue that pertains only to the predicate issue of ascertaining the members of the class, and not the predominance inquiry. See Reynoso v. South County Concepts, Inc., 2007 WL 4592119, at *4 (C.D. Cal. Oct. 15, 2007).

Defendants further argue that Plaintiff cannot make a showing of predominance because the amount of statutory damages must be assessed on a case-by-case basis. Defendants contend that such statutory damages cannot be applied with precision on a class-wide basis and individual issues would need to be litigated. Plaintiff responds that the fact that there may be individual differences in the amounts of damages claimed by the class members or their statutory damage remedies will not defeat predominance under Rule 23(b)(3). Hurwitz v. R. B. Jones Corp., 76 F.R.D. 149, 171 (W.D. Mo. 1977). Indeed, as Plaintiff points out, "The individuation of damages in consumer class actions is rarely determinative under Rule 23(b)(3). Where [ ] common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain." Smilow v. Southwestern Bell Mobile Sys., Inc., 323 F.3d 32, 40 (1st Cir. 2003); see also In re Workers' Compensation, 130 F.R.D. 99, 110 (D.

Minn. 1990) (even where individual questions of damages are a problem, they "are rarely a barrier to certification."). Additionally, as already noted, Defendants' argument that proof of wilful non-compliance with FACTA will require individual proof is without merit.

Accordingly, the Court finds that Plaintiff has met the predominance requirement.

**2.    Superiority.**

Rules 23(b)(3) requires that class resolution be "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Rule 23(b)(3) lists four factors relevant to the superiority analysis: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (d) the difficulties likely to be encountered in the management of a class action. Fed. R. Civ. P. 23(b)(3).

Defendants correctly note that FACTA provides for recovery of punitive damages and attorneys' fees and costs as well as damages. 15 U.S.C. § 1681n. However, as Plaintiff notes, where the potential recovery is slight compared to the cost of litigation, there is little incentive to pursue an individual claim. Plaintiff argues that there are a large number of potential plaintiffs (approximately 45,000) pursuing statutory claims with a very small amount of potential recovery, and Rule 23(b)(3) is the best method of adjudication for situations like these in which the potential recovery is so small that litigation of a single claim is, as a general matter, hardly worth the cost and effort of litigation. See Matthews v. United Retail, Inc., 248 F.R.D. 210, 216 (N.D. Ill. 2008) ("FACTA claims are especially

well-suited to resolution in a class action where, as here, 'potential recovery is too slight to support individual suits, but injury is substantial in the aggregate.'").

Defendants further argue that superiority is defeated based on Plaintiff's inability to personally identify potential class members for the purpose of mailing notice. Plaintiff responds that Rule 23(b)(3)(B) only requires that members of the class be given "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." In their opposition, Defendants acknowledge that the subject receipts likely show the registered owner of the card. In his reply suggestions, Plaintiff presents the numerous methods by which he will undertake to provide reasonable notice, all of which are sufficient to constitute the best possible notice under the circumstances.

The parties also devote substantial time to debating the potentially "annihilating" effect of damages on Defendants' business and the corresponding policy considerations behind allowing or disallowing a class action in light of such concerns. Although the Court acknowledges that the factors enumerated in Rule 23(b)(3) above are not exhaustive, the Court is not persuaded that Defendants' concerns about the potentially ruinous effects of a judgment, settlement or other resolution regarding damages outweighs the benefit of certifying a class at this stage of the litigation. As Plaintiff has noted, the potential for a large damage award should not be considered in assessing the superiority of class certification. Class relief under Rule 23 is available for any claim unless Congress has expressly restricted relief. See Califano v. Yamasaki, 442 U.S. 682, 700 (1979). Congress has not restricted class relief under FACTA and in this instance, nor will this Court.

The Court finds that Plaintiff has met the superiority requirement of Rule 23(b)(3).

**C.     Ascertainability.**

Finally, Defendants urge the Court to deny class certification based upon Plaintiff's allegedly faulty class definition. Defendants argue that the class is not ascertainable because individual inquiry is necessary to determine class membership, based upon whether or not the person who received the receipt was or was not the cardholder. Plaintiff disagrees, stating that the putative class has been defined in terms that make the class members objectively identifiable – those individuals to whom Defendants provided an electronically printed receipt, in a transaction occurring after December 4, 2006, on which Defendants printed more than the last five digits of their credit card or debit card number. Defendants assert that the question of whether the recipient was or was not the cardholder should defeat certification. However, Plaintiff correctly suggests that if the Court determines that a more appropriate class definition focuses on the cardholder and not the recipient, the proposed definition can be amended under Rule 23(c)(1)(B)-(C). The Court finds that the class is sufficiently defined for purposes of certification. Defendants' concerns are more properly addressed at a subsequent stage of the litigation.

For good cause shown,

It is hereby **ORDERED** that Plaintiff's Motion for Class Certification, Appointment of Class Representative, and Appointment of Class Counsel (Doc. 36) is **GRANTED**. The

McClelland Law Firm and the law firm of Walters Bender Strohbehn & Vaughan, P.C. are hereby appointed as class counsel pursuant to Fed. R. Civ. P. 23(g).

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   03/16/10
Kansas City, Missouri