# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| STEVEN E. HAMMER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 08-CV-339-FJG ) |
| JP'S SOUTHWESTERN FOODS, L.L.C. d/b/a JOSE PEPPER'S BORDER GRILL & CANTINA; and DOES 1 through 10, inclusive, | ) ) ) ) |
| Defendants. | ) |

## JP'S MOTIONS IN LIMINE

Defendant, JP'S Southwestern Foods, L.L.C. ("JP's"), by and through its attorneys, hereby submits its Motions in Limine in this case.

1. **Evidence Regarding Insurance ─ FRE 411**

Any mention of the existence of potential insurance coverage that may be available to the JP's for the claims raised in this case should be precluded. *King v. Herrington*, 447 F.3d 531 (7th Cir. 2006). Federal Rule of Evidence 411 precludes any such evidence with limited exceptions, *i.e.*, proof of agency, ownership, or control, or bias or prejudice of a witness. There is no issue in this case that would be applicable to any of these exceptions. Therefore, any evidence relating to JP's insurance in this case should be excluded.

2. **Evidence Regarding Offers Of Settlement Or Negotiations, Or The Lack Thereof ─ FRE 408**

Any evidence regarding any offers of settlement or negotiations, if any, to settle the claim by the Plaintiff with JP's should not be admitted as this information might improperly be construed to establish validity of Plaintiff's claim. FRE 408; *Scenic Holding, LLC v. New Board*

*of Trustees of Tabernacle Missionary Baptist Church, Inc.*, 506 F.3d 656, 668 (8th Cir. 2007). The fact that the JP's may have participated in settlement discussions with Plaintiff in no way constitutes liability on its part, and such evidence should be excluded. Similarly, any evidence regarding the lack of offers of settlement or negotiations to settle the claim by the Plaintiff with the Defendants should also be excluded as irrelevant.

### 3. Evidence Regarding Knowledge Of FACTA By Third Parties

Any evidence regarding knowledge or constructive knowledge of FACTA's requirements by anyone other than the named parties to this case. Plaintiff contends that the knowledge of Northstar and its agents should be imputed to JP's. However, Northstar is not a Defendant in this case and there is no evidence that it was an agent of JP's. Neither Northstar nor any other third party's knowledge can be imputed to JP's.

### 4. Evidence Regarding The Personal Wealth Of JP's Owners

Any evidence regarding the personal wealth or finances of JP's owners should be excluded. This information is irrelevant as the owners are not defendants in this case, and JP's is the only defendant.

### 5. Evidence Regarding Communications Between JP's And Its Counsel

Any evidence related to communications between JP's and its counsel should not be admitted. Plaintiff has inquired about these communications during depositions and has designated deposition testimony about them. Communications between an attorney and his client are absolutely privileged from disclosure. *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596, 601 (8th Cir. 1977).

**6.      Evidence That Plaintiff Suffered Actual Harm Or Damages**

Plaintiff has conceded that he was not the victim of identity theft and that he was not harmed or damaged in any way as a result of the claim he has raised in this case.  He also conceded that he is not aware of any class member that was harmed.  Furthermore, no class members have been disclosed to testify in this matter.  Since Plaintiff cannot establish that he or any class member was harmed, his counsel should not be permitted to present argument or speculation that Plaintiff or any class member was in any way harmed by JP's actions.

**7.      Evidence Related To Any Else's Transaction At JP's**

Any evidence regarding a transaction occurring at JP's besides Plaintiff's should not be admitted.  No other class members have been designated to testify.  Plaintiff does not have any knowledge regarding any other class members' transactions.  Thus, other than his one visit to JP's, Plaintiff should not be permitted to present any evidence of any other person's transaction at JP's.

WHEREFORE, Defendant, JP's Southwestern Foods, L.L.C., prays that this Honorable Court enter an order in advance of trial barring all parties, their counsel, and their witnesses from mentioning, referring to, interrogating with regard to or attempting to convey to the trier of fact in any manner, either directly or indirectly, by argument or otherwise, any evidence regarding the matters set forth above.  Defendant further requests that this Honorable Court instruct all parties and their counsel to warn and caution each and every one of their witnesses to follow these instructions and not to make any reference to the fact that these motions have been filed and allowed.

Dated: July 27, 2010

JP'S SOUTHWESTERN FOODS, L.L.C. d/b/a
JOSE PEPPER'S BORDER GRILL & CANTINA


By: /s/Joe Gagnon
      One of Its Attorneys

Joe Gagnon
Gagnon Law Firm, LLC
P.O. Box 208
504 Center Street, Suite E
Lathrop, MO 64465
(816) 740-4541

James K. Borcia
David O. Yuen
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606
(312) 627-4000

4

Case 4:08-cv-00339-FJG   Document 166   Filed 07/27/10   Page 4 of 5

## CERTIFICATE OF SERVICE

      I hereby certify that on July 27, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Ryan L. McClelland | Fred Walters |
| The Flagship Building | Walters. Bender. Strohbehn & Vaughan. P.C. |
| 200 Westwoods Drive | 2500 City Center Square |
| Liberty, MO 64068- 1170 | 1100 Main Street |
| | Kansas City, MO 64196 |

                                                  s/ Joe Gagnon

Joe Gagnon
Gagnon Law Firm. LLC
P.O. Box 208
504 Center Street. Suite E
Lathrop, MO 6446;
(816) 740-4541

James K. Borcia
Tressler LLP
233 South Wacker Drive, 22nd Floor
Chicago. IL 60606
(312) 627-4000