**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| STEVEN E. HAMMER, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>vs. )<br>JP'S SOUTHWESTERN FOODS, L.L.C. )<br>d/b/a JOSE PEPPER'S BORDER GRILL & )<br>CANTINA; and DOES 1 through 10, inclusive, )<br>)<br>Defendants. ) | No. 08-0339-CV-W-FJG |

# ORDER

Pending before the Court are (1) Defendant JP's Motion for Leave to File Corrected Summary Judgment Pleadings (Doc. No. 110); (2) Defendant JP's Supplemental Motion for Leave to File Corrected Summary Judgment Pleadings (Doc. No. 112); (3) the United States' Motion for Leave to Intervene (Doc. No. 133); (4) Defendant JP's Motion to Strike or in the Alternative Motion to File Sur-Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. No. 127); and (5) Plaintiff's Motion for Leave to File Amended Exhibit List and Amended Exhibit Index (Doc. No. 141). All will be considered below.

**I. Defendant JP's Motion for Leave to File Corrected Summary Judgment Pleadings (Doc. No. 110) and Supplemental Motion for Leave to File Corrected Summary Judgment Pleadings (Doc. No. 112)**

Defendant JP's moves for leave to file corrected suggestions in opposition to plaintiff's motion for partial summary judgment and corrected reply suggestions in support of its motion for summary judgment. Specifically, defendant indicates that it wishes to (1) correct paragraph 7 of its statement of facts; (2) correct formatting and spacing issues; and

(3) remove erroneous argument in its suggestions that plaintiff was untimely in filing its response to the summary judgment motion. Plaintiff has filed no opposition to these pending motions.

For good cause shown, defendant's motions to file corrected summary judgment pleadings (Doc. Nos. 110 and 112) will be **GRANTED**. Defendant shall electronically file its corrected summary judgment pleadings on or before **Thursday, August 5, 2010.**

## II.     United States' Motion for Leave to Intervene (Doc. No. 133)

The United States has moved to intervene as a matter of right to defend the constitutionality of the statutory damages provision of the Fair Credit Reporting Act, 15 U.S.C. § 1681n(a)(1)(A), as it applies to alleged willful violations of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681c(g). The United States notes that defendant has challenged that statutory provision in its motion for summary judgment (Doc. No. 101). The United States further notes that under Fed. R. Civ. P. 5.1(c), the Court is permitted to reject defendant's constitutional challenge to FCRA's statutory damages provision without any delay, but the Court cannot enter a final judgment holding the statute unconstitutional before the United States' time to intervene expires. The United States further notes that the Solicitor General's office has not yet made a final decision as to whether the United States will participate in this action; however, pending this final decision and in order to protect the interest of the United States, the United States is now moving to intervene to defend the constitutionality of 15 U.S.C. § 1681n.[1] Neither party has filed

---

[1] The United States indicates it will advise the Court of the final determination on intervention immediately upon that decision being made. At that time, the Court may direct the United States to file whatever briefs the Court believes may be necessary or helpful in its decision on summary judgment.

2

opposition to the pending motion.

For good cause shown, the United States' motion for leave to intervene (Doc. No. 133) will be **GRANTED**.

III. **Defendant JP's Motion to Strike or in the Alternative Motion to File Sur-Response in Opposition to Plaintiff's Motion for Partial Summary Judgment (Doc. No. 127)**

Defendant JP's has filed a motion to strike or, in the alternative, motion to file sur-response to plaintiff's reply in support of his motion for summary judgment. Defendant JP's indicates that plaintiff has argued in his reply suggestions that JP's temporary solution to the credit-card number truncation problem failed to cure any FACTA violation. Defendant indicates that this argument was not raised in plaintiff's motion, and that plaintiff attaches new evidence in its reply in support of this proposition. Defendant argues that the new arguments and evidence submitted with the reply suggestions should either be stricken and not considered by the Court, or if it is considered, the Court should give the non-moving party the opportunity to respond.

Although plaintiff opposes defendant's motion, the Court finds that, in fairness, defendant ought to be allowed to file the proposed sur-response attached to its motion as Exhibit 1. Therefore, defendant's motion will be **GRANTED IN PART** to the extent it requests leave to file a sur-response, and will be **DENIED IN PART** to the extent it seeks to have portions of plaintiff's reply stricken. Defendant's proposed sur-response shall be filed electronically on or before **THURSDAY, AUGUST 5, 2010.**

IV. **Plaintiff's Motion for Leave to File Amended Exhibit List and Amended Exhibit Index (Doc. No. 141)**

Plaintiff has moved for leave to file an amended exhibit list and amended exhibit

index.  Plaintiff indicates that while reviewing plaintiff's trial exhibits, personnel in counsel's office realized that a document produced by counsel for defendant was inadvertently not identified or listed as a trial exhibit for plaintiff on its exhibit list or its exhibit index.  Plaintiff requests leave to file amended documents adding this trial exhibit to its exhibit list and exhibit index.  No opposition was filed to the pending motions.

For good cause shown, plaintiff's motion (Doc. No. 141) will be **GRANTED**.  Plaintiff shall file its amended exhibit list and exhibit index on or before **THURSDAY, AUGUST 5, 2010.**

**IT IS SO ORDERED.**

<u>/s/Fernando J. Gaitan, Jr.</u>
Chief United States District Judge

Dated:  8/3/2010
Kansas City, Missouri