UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| STEVEN E. HAMMER, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> JP'S SOUTHWESTERN FOODS, L.L.C. d/b/a JOSE PEPPER'S BORDER GRILL & CANTINA; and DOES 1 through 10, inclusive, <br><br> Defendants. | ) ) ) ) ) Case No. 08-CV-W-339-FJG ) ) ) CLASS ACTION ) ) ) ) ) ) ) ) ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION *IN LIMINE* NO. 1 TO EXCLUDE EVIDENCE REGARDING INSURANCE

COMES NOW, Plaintiff Steven E. Hammer ("Plaintiff"), as Class Representative, by and through his undersigned counsel, and respectfully submits his Response to Defendant's Motion *in Limine* No. 1. In support of his Response, Plaintiff states as follows:

1. In its Motion *in Limine* No. 1, Defendant seeks to exclude any mention of the existence of potential insurance coverage that may be available to Defendant for the claims raised in this case.

2. While Federal Rule of Evidence 411 precludes "[e]vidence that a person was or was not insured against liability … upon the issue whether the person acted negligently or otherwise wrongfully," the rule allows such evidence "when offered for another purpose, such as proof of agency, ownership, or control, or bias or prejudice of a witness." Fed. R. Evid. 411.

3. Thus, FRE 411 makes evidence of liability insurance admissible on the issues of agency, ownership, or control.

1

4.      In numerous pleadings before the Court, Defendant has argued that Northstar Restaurants, Inc. ("Northstar") had no agency relationship with Defendant, and further, had no ownership or control of Defendant's restaurant. Instead, Defendant argues that Northstar simply agreed to provide "management services" to Defendant. See *JP's Suggestions in Opposition to Plaintiff's Motion for Partial Summary Judgment*, Doc. No. 104, Answer to ¶2, p. 7.

5.      Furthermore, in its opposition to Plaintiff's motion for partial summary judgment, Defendant specifically argued that no "agency" relationship existed between Defendant and Northstar, and that any agency, ownership, or control issues were "factual" issues, and therefore, must be presented to the jury for consideration:

> **D.     Northstar's Status With JP's Presents Fact Questions on Agency**
>
> Plaintiff takes the position that Northstar is an agent of JP's. By doing so, Plaintiff contends that Northstar's knowledge, specifically that of its previous District Manager, Matt Hench, is imputed to JP's. Plaintiff then argues that if Hench was aware of FACTA's requirements then JP's must also be aware of them as a matter of law based upon the law of agency.
>
> This issue cannot be decided as a matter of law. The contract between JP's and Northstar states only that Northstar was to provide management services for the restaurant. The contract makes no mention of Northstar being JP's agent. Whether Northstar was acting as JP's agent is a fact question that cannot be determined as a matter of law. *Emergency Providers, Inc. v. Metro Ambulance Servs. Trust*, 2006 U.S. Dist. LEXIS 11605 (W.D.Mo.); *Tom Lange Co., Inc. v. Cleaning by House Beautiful*, 793 S.W.2d 869, 871 (Mo. Ct. App. 1990). Also, the nature and extent of an agency relationship are also fact questions. *In re Fox Hill Office Investors, Ltd.*, 1989 U.S. Dist. LEXIS 15070 (W.D.Mo.). For example, the jury could find that Northstar was acting as an independent contractor for JP's. The test for whether a person was acting as an agent or independent contractor involves many factors, but the primary factor is whether the principal had the ability to control the person's activities. *Lee v. Pulitzer Pub. Co.*, 81 S.W.3d 625, 631 (2002). If there is no right to control, the person contracted to perform the work is an independent contractor. *Id.* Plaintiff cites no support (and there is none) to support any claim that the knowledge of an independent contractor is imputed to the hiring party.
>
> Here, JP's has submitted evidence that it had no ability to control Northstar or its activities. Thus, if the jury determines that Northstar was an

independent contractor, Northstar's knowledge or lack of knowledge of the FACTA requirements cannot be imputed to JP's.

See *JP's Suggestions in Opposition to Plaintiff's Motion for Partial Summary Judgment*, Doc. No. 104, at 19-20.

6. Plaintiff has urged the Court to find an agency relationship between Defendant JP's and Northstar as a matter of law. See *Plaintiff's Reply Suggestions in Support of Motion for Partial Summary Judgment*, Doc. No. 109 at 9-10. However, in the event the Court determines that such issues of agency, ownership, or control are better left for the jury's consideration, specific evidence relating to insurance coverage will be offered by Plaintiff as proof of such agency, ownership, and/or control between Defendant and Northstar.

7. For example, through the course of discovery, Defendant has produced several insurance policies. One policy, from the Argonaut Great Central Insurance Company (Policy Period from April 1, 2005 to April 1, 2006), listed the named insured and mailing address as follows: **NORTHSTAR RESTAURANTS INC (See GP-00-004 FOR LIST OF NAMED INSUREDS), C/O ED BROWNELL, 10777 BARKLEY #140, OVERLAND PARK, KS 66211.** On the following page (GP-00-004), a list of nine (9) named insureds is provided. "JP's Southwestern Foods, LLC" is one of the nine (9) named insureds listed under "Northstar Restaurants, Inc." See Exhibit A at JP00001-JP00002.

8. Another policy, from Haake Companies (Policy Term from April 1, 2006 to April 1, 2007), was presented to **Northstar Restaurants, Inc., et al.** on March 31, 2006. On the Named Insureds page, a list of eleven (11) named insureds is provided. "JP's Southwestern Foods, LLC" is one of the eleven (11) named insureds listed under "North Star Restaurants, Inc." See Exhibit B at JP00760, JP00769.

9. Another policy, from Amco Insurance Company (Policy Period from April 1, 2007 to April 1, 2008), listed the named insured and mailing address as follows: **NORTHSTAR RESTAURANTS INC – DBA (SEE SPECIAL ENDORSEMENT FORM), 10777 BARKLEY ST, STE 120, OVERLAND PARK, KS 662111161.** On the Schedule of Insureds page, a list of ten (10) named insureds is provided. "JP's Southwestern Foods, LLC" is one of the ten (10) named insureds listed under **"NORTHSTAR RESTAURANTS INC – DBA."** See Exhibit C at JP00288, JP00294.

10. Another policy, from Amco Insurance Company (Policy Period from April 1, 2008 to April 1, 2009), listed the named insured and mailing address as follows: **NORTHSTAR RESTAURANTS INC – DBA (SEE SPECIAL ENDORSEMENT FORM), 10777 BARKLEY ST, STE 120, OVERLAND PARK, KS 662111162.** On the Schedule of Insureds page, a list of eleven (11) named insureds is provided. "JP's Southwestern Foods, LLC" is one of the eleven (11) named insureds listed under **"NORTHSTAR RESTAURANTS INC – DBA."** See Exhibit D at JP00465, JP00467.

11. Finally, Defendant's insurance company's reservation of rights letter with respect to this lawsuit was sent to "Attn: Keri Lambertz" at the following address: **Northstar Restaurants, Inc., 10777 Barkley Street, Suite 120, Overland Park, KS 66211.** See Exhibit E at JP00646-JP00654.

12. Because such evidence of liability insurance is intended to be introduced solely with respect to contested issues of agency, ownership, and control between Defendant and Northstar Restaurants, Inc., it is properly admitted pursuant to Fed. R. Evid. 411. Evidence that Northstar carried liability insurance or was responsible for obtaining liability insurance to cover the conduct of Defendant suggests an agency relationship. *Hunziker v. Scheidemantle*, 543 F.2d

4

Case 4:08-cv-00339-FJG   Document 170   Filed 08/03/10   Page 4 of 6

489, 495 n.10 (3d Cir. 1976) (evidence of liability insurance admissible to show agency). It is highly unlikely that anyone would have liability insurance or be responsible for obtaining liability insurance for property over which he had no ownership or control.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests this Court enter an Order denying Defendant's Motion *in Limine* No. 1 to bar evidence of insurance liability coverage, and allow the introduction of such evidence to the extent it is offered to show proof of agency, ownership, or control.

Dated: August 3, 2010

Respectfully submitted,

WALTERS BENDER
STROHBEHN & VAUGHAN, P.C.
By: **s/R. Frederick Walters**
R. Frederick Walters, MO Bar #25069
2500 City Center Square
1100 Main Street
P.O. Box 26188
Kansas City, MO 64196
Telephone: (816) 421-6620
Facsimile: (816) 421-4747
fwalters@wbsvlaw.com

**ATTORNEYS FOR PLAINTIFF AND CLASS**

McCLELLAND LAW FIRM
*A Professional Corporation*
Kelly L. McClelland, MO Bar #27156
Kenneth E. Cox, MO Bar #51861
Jerome M. Patience, MO Bar #51965
Ryan L. McClelland, MO Bar #59343
The Flagship Building
200 Westwoods Drive
Liberty, Missouri 64068-1170
Telephone: (816) 781-0002
Facsimile: (816) 781-1984
kmcclelland@mcclellandlawfirm.com
kcox@mcclellandlawfirm.com
jpatience@mcclellandlawfirm.com
ryan@mcclellandlawfirm.com
**ATTORNEYS FOR PLAINTIFF AND CLASS**

# CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2010, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of such filing to the following:

Joseph Gagnon, Esq.
Gagnon Law Firm, LLC
P.O. Box 208
504 Center St., Ste. E
Lathrop, MO 64465
jgagnon@gagnonlawfirm.com

I further certify that on August 3, 2010, the foregoing document was mailed via United States Postal Service to the following non CM/ECF participants:

James K. Borcia, Esq.
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive
Suite 2200 – Sears Tower
Chicago, IL 60606

By: **s/R. Frederick Walters**

**ATTORNEYS FOR PLAINTIFF AND CLASS**