# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEVEN E. HAMMER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 08-0339-CV-W-FJG |
| JP'S SOUTHWESTERN FOODS, L.L.C. d/b/a JOSE PEPPER'S BORDER GRILL & CANTINA; and DOES 1 through 10, inclusive, | ) ) ) ) |
| Defendants. | ) |

# ORDER

Pending before the Court are Plaintiff's Motions in Limine (Doc. Nos. 143, 144, 145, 146, 147, 148, 149, 150, 151, and 152) and Defendant's Motion in Limine (Doc. No. 166). These motions are considered, below.

### I. Plaintiff's Motion in Limine No. 1 to Preclude Speaking Objections and Arguments in Presence of Jury with Suggestions in Support (Doc. No. 143)

Plaintiff seeks to exclude any party or their counsel from making speaking objections or otherwise presenting arguments to the Court in the presence of the jury. Plaintiff "respectfully requests that the Court make a firm ruling before trial the objections be stated only on the grounds of the objection and that the factual basis and argument behind such objection be presented only at sidebar. In the alternative, Plaintiff respectfully requests that the Court should make known its intention to permit speaking objections in order that both sides might operate under the same rules."

Defendant objects, noting that a motion in limine is not necessary on this issue, and the Court can rule on whether a party or attorney's statements are proper at trial without the entry of an order.

**Ruling: Sustained. (This is the Court's normal procedure.)**

**II.  Plaintiff's Motion in Limine No. 2 to Exclude Evidence Relating to Defendant's "Substantial Compliance" with FACTA's Statutory Requirements with Suggestions in Support (Doc. No. 144)**

Plaintiff requests an Order "instructing Defendant and its counsel not to mention or bring before the jury, either directly or indirectly, any evidence or references relating to Defendant's theory of 'substantial compliance' with FACTA's statutory requirements or that Defendant's attempt to 'fix' its credit card issue had any deterring effect on the likelihood of identity theft as a result of its continued violation of FACTA."

Plaintiff states that the "substantial compliance" legal theory has no merit, and the introduction of evidence (and defendant's proposed jury instruction on this issue) would only serve to confuse, distract, and prejudice the jury.  Plaintiff also argues that any reference to the likelihood of identity theft (i.e., that the first four digits of the card number simply identify the card issuer as Visa, Mastercard, etc., and thus give no information to an identity thief) should be prohibited unless presented by an expert, and defendant has designated no experts.

Defendant opposes, indicating that the evidence of JP's actions to give a truncated (but still non-compliant) receipt to customers upon receiving a complaint from a customer is relevant to three issues at trial: (1) whether JP's substantially complied with FACTA; (2) whether JP's willfully violated the statute; and (3) whether JP's actions warrant the entry of punitive damages.  Defendant indicates that substantial compliance is a defense to a claim for a statutory violation and is established if there is compliance with respect to essential matters necessary to assure every reasonable objective of the statute.  Defendant indicates that it is well known (and thus expert testimony is not necessary) that revealing the first four digits of a credit card number poses no security risks.  Defendant further notes that this is relevant as to plaintiff's willfulness claim as well as the punitive damages claim, as any evidence that JP's undertook to pass out truncated receipts is relevant to show it did not willfully violate the statute or that it should be punished for its actions.

**Ruling: Overruled; the Court finds defendant's points (2) and (3), above, to be persuasive.**

**III.  Plaintiff's Motion in Limine No. 3 to Exclude Evidence Suggesting Plaintiff Lacks Standing with Suggestions in Support (Doc. No. 145)**

Plaintiff seeks an order in limine instructing defendant and its counsel not to mention or bring before the jury any evidence or reference relating to the assertion that plaintiff lacks "standing" in this action. Plaintiff notes that defendant has contended that because plaintiff alleges no "actual" damages, plaintiff has no "standing" to pursue the claim set forth in his complaint.  However, as noted by plaintiff, FACTA does not require plaintiff suffer actual monetary damages; instead, it states "Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that

consumer in an amount equal to the sum of – (1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000." 15 U.S.C. § 1681n(a). Plaintiff further notes that the Supreme Court has recognized that the "actual or threatened injury required by Art. III may exist solely by virtue of 'statutes creating legal rights, the invasion of which creates standing. . . .'" <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363, 373 (1982), quoting <u>Warth v. Seldin</u>, 422 U.S. 490, 500 (1975). Plaintiff notes numerous district courts have considered this issue and found that similar plaintiffs have sufficient standing in FACTA cases. <u>Korman v. Walking Co.</u>, 503 F.Supp.2d 755, 759 (E.D. Pa. 2007); <u>Ehrheart v. Lifetime Brands, Inc.</u>, 498 F.Supp.2d 753, 755 (E.D. Pa. 2007); <u>Ramirez v. MGM Mirage, Inc.</u>, 524 F.Supp.2d 1226, 1231 (D. Nev. 2007). Plaintiff indicates that reference to "standing" before the jury would be confusing to them.

Defendant opposes, indicating that Article III of the constitution requires an actual injury to recover damages. Defendant states that plaintiff's lack of standing is relevant to whether he can recover damages in this case.

**Ruling: <u>Sustained.</u>**


**IV.  Plaintiff's Motion in Limine No. 4 to Exclude Evidence Relating to the Existence or Absence of Actual Harm or Injury Suffered by any Plaintiff or Class Member with Suggestions in Support (Doc. No. 146)**

Plaintiff requests an order instructing defendant and counsel not to reference any evidence as to the existence or absence of actual harm or injury suffered by plaintiff or any other member of the class. As plaintiff notes above in reference to Motion in Limine No. 3, FACTA does not require actual monetary damages. Plaintiff states that whether plaintiff suffered actual harm is not material. <u>Soualian v. International Coffee & Tea, LLC</u>, 2008 WL 410618, at *4 (C.D. Cal. Feb. 9, 2008). Plaintiff also indicates that actual damages are not a relevant factor in assessing statutory damages. Plaintiff states that allowing evidence of the absence of actual harm could cause significant confusion among the jurors in this case.

<u>Defendant opposes</u>, arguing (1) actual harm is relevant to standing; (2) the actual harm is relevant to the amount of statutory damages to be awarded–defendant argues that the cases cited by plaintiff don't indicate that evidence of actual harm should be precluded, and instead defendant argues that the degree of harm is relevant to statutory damages; and (3) actual harm is relevant to punitive damages.

**Ruling: <u>Overruled. The Court finds defendant's points (2) and (3), above, to be persuasive.</u>**


**V.  Plaintiff's Motion in Limine No. 5 to Exclude Evidence of Reference to**

3

**Plaintiff's Other Claims, Lawsuits, or Pending Litigation with Suggestions in Support (Doc. No. 147)**

Plaintiff requests an order instructing defendant and its counsel to not mention or bring before the jury any evidence or reference regarding related or non-related claims/lawsuits/litigation brought by plaintiff. (Plaintiff has brought 13 similar FACTA actions; all were dismissed by plaintiff except for this one and 08-0788-HFS, Hammer v. Sam's East Inc.) Plaintiff states that litigiousness is the sort of character trait that is not admissible under FRE 404(b). Plaintiff further argues that introduction of evidence of other lawsuits would confuse, distract, and prejudice the jury.

Defendant opposes, indicating that evidence of the other litigation is relevant as to the proper amount of statutory damages plaintiff may recover; and goes to plaintiff's knowledge of FACTA, the actual harm he may have experienced from other vendors' actions, and when plaintiff learned of FACTA and whether he should have discussed the truncation issue with JP's. Defendant also indicates that "Plaintiff has conceded the relevance of this evidence and has waived any objection thereto as he attached the list of his other FACTA lawsuits as one of his own trial exhibits. (See Plaintiff's Trial Exhibit No. 49)."

**Ruling: Provisionally granted.**

**VI.    Plaintiff's Motion in Limine No. 6 to Exclude Evidence or References to Defendant's Financial Condition, with Suggestions in Support (Doc. No. 148)**

Plaintiff moves for an order instructing defendant and counsel to not mention before the jury any evidence or reference relating to defendant's financial condition or ability to pay any judgment in this action. Plaintiff states defendant should be precluded from discussing net worth or financial condition, or whether judgment would result in a loss of jobs, as this testimony could be used by defendant to inflame the jury or create sympathy. Plaintiff states it is irrelevant under FRE 401 and 402, and prejudicial under FRE 403.

Defendant opposes, arguing that its financial condition is relevant for three reasons: (1) whether the violation was willful, as the cost of installing a new system was in excess of $13,000, and that cost was significant to JP's, which was struggling and had a negative net worth in 2006, the relevant year; (2) to compute the proper amount of statutory damages, as the jury can consider evidence of defendant's financial condition in determining the range of statutory damages to be awarded to plaintiff and the class; and (3) to compute the amount of punitive damages (see U.S. v. Big D Enterprises, Inc., 184 F.3d 924 (8th Cir. 1999). Defendant further argues that plaintiff has conceded/waived this argument by attaching JP's financial information in his trial exhibits (Doc. No. 176, Exs. 10-17).

**Ruling: Provisionally denied.**

**VII.    Plaintiff's Motion in Limine No. 7 to Exclude Evidence of any Adverse Affect**

4

**on the Jury Resulting from Judgment Rendered for Plaintiff with Suggestions in Support (Doc. No. 149)**

Plaintiff moves for an Order instructing defendant and counsel not to bring before the jury evidence or argument that any judgment rendered in this case may adversely affect the members of the jury, or any other reference appealing to the self-interest of the jury, especially that any judgment will result in higher prices for customers of defendant or in the restaurant industry as a whole.

Defendant responds that this is another improper motion in limine filed by plaintiff, and the Court can address any testimony if it is deemed to be improper at trial without the need for an in limine order. Defendant further indicates that the motion is vague, and fails to specify the breadth of the order it seeks.

**Ruling: Provisionally granted.**

**VIII. Plaintiff's Motion in Limine No. 8 to Exclude Evidence or Reference to Attorneys' Fees and/or Costs with Suggestions in Support (Doc. No. 150)**

Plaintiff seeks an Order excluding the parties or their attorneys from bringing before the jury any evidence or reference to the possibility of attorneys' fees and/or costs being awarded in this case. Plaintiff notes he is entitled to reasonable attorneys' fees and costs if he succeeds in establishing defendant willfully violated FACTA. See 15 U.S.C. § 1681n(a)(3). Plaintiff indicates that the possibility of an award of attorneys' fees will not arise until after a jury determination on the issue of liability, so they are not relevant at this stage of the proceedings, and any reference to fees/costs would be more prejudicial than probative.

Defendant has no opposition, provided that neither plaintiff nor his counsel argues or implies to the jury that he will be subject to or will not be reimbursed for his attorneys' fees incurred in this case.

**Ruling: Sustained.**

**IX. Plaintiff's Motion in Limine No. 9 to Exclude any Evidence or Reference to Class Issues Already Determined by the Court with Suggestions in Support (Doc. No. 151)**

Plaintiff seeks an order instructing defendant and counsel not to bring before the jury any evidence or reference to class issues already determined by the Court. Plaintiff notes that defendant has designated testimony from plaintiff regarding class issues, relating to suitability of this matter for class treatment, suitability as class representative, definition of the class, typicality, etc. See Defendant's deposition designations, Doc. No. 122. Plaintiff states that since these issues have already been ruled, this evidence is irrelevant.

Defendant opposes, indicating there is no need for an in limine order on this issue (and this issue would be better addressed at trial), and that evidence relating to class issues may also be relevant to other issues in the case, including plaintiff's willfulness claim and the proper amount of damages.

**Ruling: Provisionally granted.**

X. **Plaintiff's Motion in Limine No. 10 to Exclude Evidence of Settlement Offers with Suggestions in Support (Doc. No. 152)**

Plaintiff moves for an Order excluding any party or their attorneys from making any statement/question/argument before the jury regarding any settlement negotiations, offers, and/or statements, claims or positions made in settlement negotiations. See FRE 408.

Defendant responds, noting it is in agreement with this motion, but further noting that "Plaintiff's motion in contradicted by certain of his deposition designations and trial exhibits whereby he designates communications relating to settlement." See Plaintiff's Trial Exhibit No. 54, Doc. No. 176.

**Ruling: Sustained.**

XI. **JP's Motions in Limine (Doc. No. 166)**

Defendant JP's submits the following motions in limine:

    A.     Evidence Regarding Insurance–FRE 411

Defendant moves for the Court to preclude any mention of the existence of potential insurance coverage that may be available under FRE 411, which precludes such evidence with limited exceptions, such as proof of agency, ownership, or control, or bias or prejudice of a witness. Defendant states none of these are present in this case, so this evidence should be excluded.

Plaintiff opposes, indicating that evidence of liability insurance is admissible on the issues of agency, ownership, or control, and that defendant has argued that Northstar Restaurants, Inc., had no agency relationship or ownership or control over defendant's restaurant. Plaintiff states that if the Court determines that the issues of agency, ownership or control are left for the jury's consideration, it will present specific evidence relating to insurance coverage as proof of the relationship between defendant and Northstar. For instance, defendant produced in discovery several insurance policies, including one from the Argonaut Great Central Insurance Company listing the named insured and mailing address as follows: NORTHSTAR RESTAURANTS, INC (See GP-00-004 FOR LIST OF NAMED INSUREDS), C/O ED BROWNELL, 10777 BARKLEY #140, OVERLAND PARK, KS 66211. At page GP-00-004, a list of nine named insureds, including JP's Southwestern

Foods, LLC, is provided. (Plaintiff provides other similar examples.) Plaintiff indicates that evidence that Northstar carried liability insurance or was responsible for obtaining liability insurance to cover the conduct of defendant suggests an agency relationship.

Defendant replies, noting that (1) the case cited by plaintiff, Hunziker v. Scheidemantle, 543 F.2d 489, 495 (3d Cir. 1976), questioned the district court decision to allow evidence of liability insurance to show agency, stating: "the evidential foundation which could be developed to support the introduction of this evidence is equivocal and weak, *i.e.*, questions appear as to whether the insurance contract was in fact evidence of an agency relationship in the context of this case." Id.; (2) the contract entered into between JP's and Northstar defines the relationship between them, not the evidence regarding the subject insurance policies, and the fact that Northstar carried or obtained liability insurance is irrelevant to plaintiff's assertion that Northstar was acting as an agent for defendant, as Northstar obtained insurance in its role of offering managerial services to JP's; (3) even if offering managerial services established agency, plaintiff has designated other documents and deposition testimony as to whether Northstar and defendant had an agency relationship, making the insurance policies cumulative and/or more prejudicial than probative under FRE 403.

**Ruling: <u>Provisionally granted.</u>**

      B.    Evidence Regarding Offers of Settlement or Negotiations, or Lack Thereof–FRE 408

Defendant moves for the exclusion of evidence regarding offers of settlement or negotiations.

Plaintiff filed no opposition.

**Ruling: <u>Sustained.</u>**

      C.    Evidence Regarding Knowledge of FACTA by Third Parties

Defendant moves for the exclusion of evidence regarding knowledge or constructive knowledge of FACTA's requirements by anyone other than the named parties to this case, noting that plaintiff contends that the knowledge of Northstar (the company that provided management services to defendant) should be imputed to JP's. Defendant indicates that as Northstar is not a defendant in this matter and there is no evidence that it was an agent of JP's, its knowledge cannot be imputed to defendant.

Plaintiff opposes, noting that (1) defendant provides no case law/citations that would lend credence to its motion to exclude such evidence; and (2) defendant has admitted in opposition to plaintiff's motion for partial summary judgment that Northstar is a company which provides managerial services to defendant, including accounting services, and defendant's general manager reports to the district manager, who is an employee of

7

Northstar, among other things. Plaintiff indicates that the facts admitted to by defendant demonstrate that an agency relationship existed between defendant and Northstar, and that as a result of such agency relationship, Northstar's knowledge will be imputed to defendant.

Defendant replies, indicating that "unless and until plaintiff establishes that Northstar was an agent for JP's, Northstar's knowledge cannot be imputed to JP's. Thus the evidence should be excluded."

**Ruling: Provisionally denied.**

      D.    Evidence Regarding the Personal Wealth of JP's Owners

Defendant indicates that any evidence regarding the personal wealth or finances of JP's owners should be excluded as irrelevant, as they are not defendants in this case.

Plaintiff opposes, noting (1) defendant has cited to no case law that would lend credence to this motion; (2) throughout its pleadings/motions, defendant has argued that one of the reasons it waited so long to fix its systems to comply with FACTA was due to significant cost of the hardware and software updates, and that defendant had a negative net income in 2006 and a net income of $2,635.09 in 2007, and as of 2007 JP's total equity was a negative $28,947.49. Plaintiff states that it must be "allowed to unveil the man behind the curtain," noting that JP's owner is Ed Gieselman, who also owns 9 other restaurants and Northstar Restaurants, Inc. Plaintiff indicates that in 2007, Northstar Restaurants, Inc. opened a new restaurant in Prairie Village in 2007, and argues that "while Mr. Gieselman and Northstar may have had enough resources to open a brand new restaurant in October 2007, apparently sufficient resources were not available to purchase the necessary upgrades at Defendant's restaurant until December 2007, two months later. In fact, it should be noted that the necessary upgrades to Defendant's equipment were installed approximately two (2) months after the installation of the same or similar equipment (by the same dealer) at the new Prairie Village restaurant." Doc. No. 172, pp. 2-3.

Defendant replies, stating that the personal wealth of JP's owners has no relevance to the issues of this case, as the only defendant is JP's, which is a limited liability corporation. The owner of a corporation is not liable for a corporation's debts, and thus JP's owner's cannot be held personally liable for a judgment entered against JP's. See U.S. v. Jon-T-Chemicals, Inc., 768 F.2d 686, 690 (5th Cir. 1985). Defendant states there is no requirement that JP's owners invest any more of their money in JP's, and only JP's financial condition is relevant in this matter.

**Ruling: Sustained.**

      E.    Evidence Regarding Communications between JP's and its Counsel

Defendant indicates that evidence regarding communications between JP's and its counsel

8

are privileged and should not be admitted.

Plaintiff does not oppose.

**Ruling: <u>Sustained.</u>**

      F.      Evidence the Plaintiff suffered Actual Harm or Damages

Defendant indicates that plaintiff conceded at deposition that he was not the victim of identity theft and that he was not harmed as a result of the claim raised in this case. Defendant further indicates that no class members have been disclosed to testify as to actual harm. Defendant states that, "Since Plaintiff cannot establish that he or any class member was harmed, his counsel should not be permitted to present argument or speculation that Plaintiff or any class member was in any way harmed by JP's actions."

Plaintiff responds, noting: Plaintiff has already moved for an order in limine (motion in limine no. 4, above) excluding evidence relating to the existence or absence of actual harm or injury suffered by any plaintiff or class member, as FACTA does not require same for a plaintiff to sue; to the extent the Court grants plaintiff's motion in limine No. 4, plaintiff does not oppose this motion. <u>However</u>, to the extent the Court denies plaintiff's motion in limine No. 4, plaintiff notes that since the time of his deposition (9/2/2009), he has become the victim of identity theft related to the same credit card that is at issue in this case (although he does not know yet whether that identity theft is related to the receipt issued in this matter). Plaintiff indicates that he will supplement his responses to discovery to include this information.

Defendant replies that it is speculative that plaintiff may have suffered actual harm from JP's actions with this recent identity theft; instead, defendant indicates it is implausible that the identity theft occurred due to its actions, as plaintiff testified the receipt was given to him at the restaurant, then kept in plaintiff's records, and finally given to plaintiff's counsel. Defendant states that plaintiff should be precluded from surprising JP's on the eve of trial and presenting any evidence that he or any class member has suffered actual damages.

**Ruling: <u>Provisionally granted.</u>**

      G.      Evidence Related to Anyone Else's Transaction at JP's

Defendant states that any evidence regarding a transaction occurring at JP's besides plaintiff's should not be admitted, as no other class members have been designated to testify, and plaintiff does not have any knowledge regarding any other class members' transactions. Therefore, defendant states that other than plaintiff's one visit to JP's, plaintiff should not be permitted to present any evidence of any other person's transaction at JP's.

Plaintiff opposes, noting: (1) this motion is "hopelessly vague," as defendant does not define what it considers a "transaction," nor does it provide the Court with guidance that would allow the Court to issue an enforceable order; (2) it would be improper and absurd to exclude any reference to or mention of the approximately 45,000 transactions where defendant issued a receipt to one of its consumers containing more than the last five digits of his credit card number, as this is now a certified class action; (3) plaintiff's obligation as class representative requires him and his counsel to submit documents detailing the number of the transactions forming the basis of this lawsuit, and at trial plaintiff intends to submit examples of receipts issued to plaintiff and other members of the class which are non-compliant with FACTA (as well as summary charts and other documentary evidence).

Defendant indicates in its reply suggestions that plaintiff "has consented to [this] motion being granted." Doc. No. 189, n.1. Obviously, defendant's assertion is not accurate.

**Ruling: Provisionally denied.**


    **IT IS SO ORDERED.**

                                                    /s/Fernando J. Gaitan, Jr.
                                                    Chief United States District Judge

Dated:   September 14, 2010
Kansas City, Missouri