| | |
|---|---|
| STEVEN E. HAMMER,<br>individually and on behalf of all others<br>similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>JP'S SOUTHWESTERN FOODS, L.L.C.<br>d/b/a JOSE PEPPER'S BORDER<br>GRILL & CANTINA; and DOES<br>1 through 10, inclusive,<br><br>        Defendants. | Case No. 08-CV-W-339-FJG<br><br>CLASS ACTION |

## PLAINTIFF'S SUGGESTIONS IN OPPOSITION TO
## JP'S MOTION TO DECERTIFY CLASS

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................. 1

    A. Standard for Decertification of Class ................................................................. 1

    B. Common questions of law or fact predominate over any potential individual issue ..................................................................................................... 2

        1. "Willfulness" does not present an individual issue that predominates over common questions of fact or law .................................. 2

        2. Individual "Damage" Inquiries Do Not Predominate ............................... 4

        3. Individual "Standing" Inquiries Do Not Predominate .............................. 5

        4. Whether the Cardowner was provided the receipt is not an individual inquiry that predominates ........................................................ 7

    C. Plaintiff Has Established Superiority ................................................................. 8

    D. The Class Is Administratively Manageable ..................................................... 13

III. CONCLUSION ............................................................................................................. 15

# TABLE OF AUTHORITIES

## CASES

*Barnett v. Experian Information Solutions, Inc.*,
   236 F.R.D. 307 (E.D. Tex. 2006) ............................................................................ 12

*Bateman v. American Mulit-Cinema, Inc.*,
   2010 WL 3733555 (9th Cir. Sept. 27, 2010) ........................................................ 8-9

*Beringer v. Standard Parking Corp.*,
   2008 WL 4390626 (N.D. Ill. Sept. 24, 2008) ..................................................... 4, 11

*Cicilline v. Jewel Food Stores, Inc.*,
   542 F. Supp. 2d 831 (N.D. Ill. 2008) ........................................................................ 5

*Day v. Check Brokerage Corp.*,
   2009 WL 4931739 (N.D. Ill. December 15, 2009) ................................................. 12

*ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*,
   50 P.3d 844 (Ariz. Ct. App. 2002) ..................................................................... 10, 11

*Gonzales v. Arrow Fin. Serv. LLC*,
   489 F. Supp. 2d 1140 (S.D. Cal. 2007) .................................................................. 1, 2

*Gordon v. Hunt*,
   117 F.R.D. 58 (S.D.N.Y. 1987) .................................................................................. 2

*Holling-Fry v. Coventry Health Care of Kansas, Inc.*,
   No. 07-0092-CV-W-DGK, 2010 WL 3636156 (W.D. Mo. Sept. 10, 2010) ............. 5

*Hurwitz v. R. B. Jones Corp.*,
   76 F.R.D. 149 (W.D. Mo. 1977) ............................................................................... 5

*In re Northwest Airlines Corp.*,
   208 F.R.D. 174 (E.D. Mich. 2002) ............................................................................ 6

*Macarz v. Transworld Sys.*,
   193 F.R.D. 46 (D.Conn. 2000) .................................................................................. 6

*Murray v. GMAC Mortgage Corp.*
   434 F.3d 948 (7th Cir. 2006) .............................................................................. 10-11

*Reiter v. Sonotone Corp.*,
   442 U.S. 330 (1979) ................................................................................................. 10

*Reynoso v. South County Concepts, Inc.*,
　2007 WL 4592119 (C.D. Cal. Oct. 15, 2007) ............................................................. 6

*Safeco Ins. Co. of America v. Burr*,
　551 U.S. 47 (2007) ................................................................................................... 3

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., Inc.*,
　130 S.Ct. 1431 (2010) ............................................................................................ 10

*Sley v. Jamaica Water & Util., Inc.*,
　77 F.R.D. 391 (E.D. Pa. 1977) ................................................................................. 2

*Smilow v. Southwestern Bell Mobile Sys., Inc.*,
　323 F.3d 32 (1st Cir. 2003) ...................................................................................... 5

*T.R. Coleman v. Cannon Oil Company*,
　141 F.R.D. 516 (M.D. Ala. 1992) ............................................................................ 6

*Wise v. Cavalry Portfolio Services, LLC*,
　32010 WL 3724249 (D. Conn. Sept. 15, 2010) ........................................................ 6

## **FEDERAL STATUTES, RULES AND REGULATIONS**

15 U.S.C. 1681n ............................................................................................................. 11

15 U.S.C. § 2310(e) ........................................................................................................ 11

15 U.S.C. § 6614 ............................................................................................................ 11

29 U.S.C. § 732(d) ......................................................................................................... 11

Fed. R. Civ. P. Rule 23 .................................................................................................. 14

COMES NOW, Plaintiff Steven E. Hammer ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, and respectfully submits the following Suggestions in Opposition to Defendant's Motion to Decertify Class, as follows:

## I. INTRODUCTION

On March 16, 2010, this Court entered its class certification order (Doc. No. 89), and certified Plaintiff's FACTA claim for class treatment. In its Order, the Court addressed the parties' arguments for and against certification, considered the evidence necessary to prove Plaintiffs' claims, and engaged in a comprehensive analysis of each of the requirements of Rule 23 in accordance with governing standards. The Court's certification Order was appropriate at the time it was entered and is still appropriate despite Defendant's assertions to the contrary.

Now, approximately *seven months* later, Defendant has moved to decertify the class. Defendant, however, has failed to satisfy its burden of establishing that the class should be decertified and does little more than reassert its prior arguments against class certification. These arguments have already been considered, and rejected, by this Court. Indeed, Defendant's motion is simply an attempt to re-litigate the Court's prior Order granting class certification.

## II. ARGUMENT

### A. Standard for Decertification of Class.

When the Court certified the class, it undertook a rigorous analysis to determine whether the claims and evidence presented were sufficient to warrant class treatment. In considering whether to decertify a class, the Court applies the same standards used for determination of class certification, as set forth in Rule 23 of the Federal Rules of Civil Procedure. *Gonzales v. Arrow Fin. Serv. LLC*, 489 F. Supp. 2d 1140, 1153 (S.D. Cal. 2007). However, it is the party opposing certification that has the burden of establishing that the elements of Rule 23 have not been

1

satisfied. *Id.* To prevail on a decertification motion, the defendant "faces a heavy burden because doubts regarding the propriety of class certification should be resolved in favor of certification." *Id.* (internal quotations omitted); *Gordon v. Hunt*, 117 F.R.D. 58, 61 (S.D.N.Y. 1987) ("defendants bear a heavy burden to prove the necessity of ... the drastic step of decertification."); *Sley v. Jamaica Water & Util., Inc.*, 77 F.R.D. 391, 394 (E.D. Pa. 1977) (a class "should be decertified only where it is clear there exist changed circumstances making continued class action treatment improper").

### B. Common questions of law or fact predominate over any potential individual issue.

Defendant argues that "numerous" individual issues exist that justify decertification of this class, i.e., willfulness, the amount of statutory damages to award, whether the transaction was a business or a consumer transaction, and the identity of the person who was provided the non-compliant receipt in violation of FACTA. These "individual" issues have been previously argued by Defendant and properly rejected by this Court in its Order granting certification. As this Court previously confirmed, the primary questions with respect to the claims are: (1) whether Defendants' alleged standardized practice of failing to provide properly truncated receipts violated FACTA; and (2) whether Defendant's failure to do so was willful. Such questions are subject to generalized proof on a class-wide basis and predominate over any individual issues that may be encountered. As such, Defendant's predominance argument should be rejected.

#### 1. "Willfulness" does not present an individual issue that predominates over common questions of fact or law.

Defendant argues that "the willfulness issue in this case is an individual issue." Defendant suggests that the Court's recent summary judgment ruling mandates such a result. As

2

an initial matter, Defendant misconstrues the Court's Order. The Court's Order simply determined that "there are questions of material fact as to whether [Defendant's] conduct was willful" as a basis for denying in part Plaintiff's motion for summary judgment. Doc. No. 197 at p. 22. Notably, the Court made no determination that willfulness is an individual issue.

Furthermore, Defendant has not met its burden of demonstrating changed circumstances to justify decertification. This very issue raised by Defendant, e.g., whether a particular class member received an improperly truncated receipt as opposed to a receipt that contained the class member's entire credit card number, has already been considered by the Court and properly rejected as a basis for preventing class certification. There is nothing new or changed about Defendant's argument – certainly nothing presented by Defendant warrants the drastic step of decertifying the class.

Moreover, the Court's holding that "willfulness" is a fact-bound inquiry does not mean that an examination into each class member's interaction with Defendant is required. Each of the issues identified by the Court properly focuses on Defendant's conduct or knowledge as a basis for liability under FACTA. Doc. No. 197, at p.21-22. In this case, Defendant adopted a standardized process and procedure of issuing approximately 45,000 non-compliant receipts to its customers from December 4, 2006 through December 5, 2007. Plaintiff's class allegations charge that this standard procedure violated FACTA, and that, in adopting these procedures, Defendant acted willfully. To demonstrate willful non-compliance with FACTA, Plaintiff must demonstrate that the Defendant either knew it was violating FACTA, or acted in reckless disregard of its statutory duties under FACTA. See *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47 (2007). Thus, the inquiry focuses on *Defendant's* state of mind in implementing its standardized policies and procedures.

3

Finally, whether Defendant's subsequent policy to provide class members with improperly truncated receipts demonstrates that it did not act willfully is a predominate issue in and of itself. The decision to truncate receipts that display the first four and last four digits of the class member's credit or debit card number, in violation of FACTA, is still a standardized policy implemented by Defendant that reflects Defendant's state of mind. Thus, a consumer-by-consumer inquiry is not necessary.

### 2. Individual "Damage" Inquiries Do Not Predominate.

Defendant contends that evidence of individual circumstances of the class members and any actual harm they suffered arising from Defendant's actions are relevant to the amount of statutory damages that may be awarded. Again, this argument presents nothing new for the Court to consider. Defendant previously raised this very issue in opposing class certification. In its Order granting class certification, the Court properly addressed, and rejected, the same argument. Doc. No. 89, at p. 8-9. The Court's ruling on the motion in limine does not alter the propriety of class certification.

First, FACTA does not require a plaintiff to incur actual damages in order to recover statutory damages. Indeed, Plaintiff does not seek actual damages for himself or any of the Class Members. And, Defendant has even argued that none of the Class members incurred any actual damages. See Doc. No. 66, at p. 16 ("what is alleged is a mere technical violation resulting in no cognizable harm"). Because the Class members do not seek such actual damages "[i]ndividual questions are thus nonexistent at the liability stage, and even the existence of many individual questions at the damages stage seems unlikely, given the more or less uniform injury suffered by class members." *Beringer v. Standard Parking Corp.*, 2008 WL 4390626, at *4 (N.D. Ill. Sept. 24, 2008). Defendant's attempt to manufacture "individualized" damages issues for purposes of

its predominance arguments is entirely misplaced. The Court's interlocutory denial of the motion in limine is simply the resolution of a predominant legal issue as to all Class members and is entirely consistent with the class certification.

Further, the fact that there may be individual differences in the amounts of damages claimed by the Class members or their statutory damage remedies will not defeat predominance under Rule 23(b)(3). This Court previously agreed, quoting *Smilow v. Southwestern Bell Mobile Sys., Inc.*, 323 F.3d 32, 40 (1st Cir. 2003) in its class certification Order: "The individuation of damages in consumer class actions is rarely determinative under Rule 23(b)(3). Where [] common questions predominate regarding liability, then courts generally find the predominance requirement to be satisfied even if individual damages issues remain." Doc. No. 89, at p. 8. The Court's analysis is consistent with other courts. *See, e.g., Holling-Fry v. Coventry Health Care of Kansas, Inc.*, No. 07-0092-CV-W-DGK, 2010 WL 3636156, at *5 (W.D. Mo. Sept. 10, 2010) ("Numerous courts have recognized that damages are inherently individualized and do not present a major obstacle to certification."); *Hurwitz v. R. B. Jones Corp.*, 76 F.R.D. 149, 171 (W.D. Mo. 1977); *Cicilline v. Jewel Food Stores, Inc.*, 542 F. Supp. 2d 831, 838 (N.D. Ill. 2008).

### 3. Individual "Standing" Inquiries Do Not Predominate.

Defendant contends that class treatment is improper, because individual inquiries must be made of each class member to determine if they have standing to sue as a "consumer," as defined by FACTA. Defendant claims that each class member must be examined to determine: (1) whether a consumer or business credit card was used, and (2) whether the subject transaction was for a business or personal reason. These same arguments were previously raised by Defendant in opposing class certification. As with Defendant's other arguments, the Court considered the

5

issue and rejected it. Accordingly, Defendant has failed to meet its burden of presenting any changed circumstance that warrants the drastic step of decertifying the class.

This Court correctly noted, while each putative class member's right to recovery depends on the fact that he or she is a "consumer," this is an issue that pertains only to the predicate issue of ascertaining the class members, and not the predominance inquiry. Doc. No. 89, at p. 8; *See also Reynoso v. South County Concepts, Inc.*, 2007 WL 4592119, at *4 (C.D. Cal. Oct. 15, 2007). Indeed, this issue goes to the right of putative class members to participate in any class recovery if one is achieved, not to the threshold question of whether the class is properly certified.

Courts and commentators have likewise rejected the argument that any potential "standing" defense defeats predominance or may serve as a barrier to class certification because the argument misconstrues the purpose of the class action rule and improperly goes to the merits of the Class members' claims. *See, e.g., T.R. Coleman v. Cannon Oil Company*, 141 F.R.D. 516, 524 (M.D. Ala. 1992) ("The defendants also suggest that each member of the plaintiff class must satisfy an individualized standing inquiry. Authority to the contrary could not be clearer."); *In re Northwest Airlines Corp.*, 208 F.R.D. 174, 225 (E.D. Mich. 2002).

Furthermore, the Court suggested that some of Defendant's concerns are "better addressed at the stage when members of the class are filing claims." Whether a potential class member does not qualify for damages, based upon the use of a business credit card or based upon a business transaction, can be addressed at that time. It is, however, not a basis for decertifying the class. See *Wise v. Cavalry Portfolio Services, LLC*, 32010 WL 3724249 at *6 (D. Conn. Sept. 15, 2010)(quoting *Macarz v. Transworld Sys.*, 193 F.R.D. 46, 57 (D.Conn. 2000): "In addition, any disputes regarding whether a particular class member's debt is consumer or

6

commercial can be remedied through proper drafting of the claim form, and at the damages phase of this case.").

### 4. Whether the Cardowner was provided the receipt is not an individual inquiry that predominates.

Defendant contends that it is necessary to conduct an individualized inquiry whether the owner of the card used in a particular transaction was in fact the person who received the receipt. Again, Defendant does nothing more than reargue its position articulated in its opposition to class certification and fails to meet its burden of establishing any changed circumstance that justifies the drastic step of decertifying the class. The Court specifically addressed Defendant's argument and rejected it in the Court's summary judgment ruling. Doc. No. 197. Finding no authority to the contrary, the Court denied Defendant's motion as to class members who were provided a receipt but were not the owner of the card. Thus, Defendant's concerns have been properly addressed by this Court, and have no bearing on the class certification determination.

Furthermore, the Court noted: "Defendant's concern seems to be the type of concern that would be better addressed at the stage when members of the class are filing claims to receive a portion of a settlement or judgment fund." Doc. No. 197 at 17, n.4. Defendant presents no new argument and is simply disagreeing with the Court's well-reasoned decision. To justify its position that its concern should not be addressed when claims are filed by class members, Defendant simply states that it "does not have to just take the class members' word for it on a claim form." Presumably, Defendant believes that cross-examination is preferable, because the class members' answers would be given under oath and subject them to perjury. However, nothing exists to prevent the court from approving a claim form that requires a class member to execute the claim form under oath to accomplish the same goal Defendant seeks by cross-examining each class member.

7

## C. Plaintiff Has Established Superiority.

In vague terms, Defendant claims that class treatment is not the superior means of resolving this dispute where individual inquiries are needed on "numerous" material issues. As discussed above, such individual inquiries do not overcome the common questions of law and fact. Defendant's other "superiority" concerns are also misplaced. As it has throughout the instant litigation, Defendant continues to maintain that the possible "economic impact" alone should mandate a denial of class certification. Defendant argues that a class action is not the superior method of adjudication in this instance because the statutory damages requested are "grossly disproportionate" to any harm and thus implicate constitutional concerns. These concerns have already been briefed and argued by Defendant in opposition to class certification. Like its other arguments, the Court has already considered these issues and rejected them:

> The parties also devote substantial time to debating the potentially "annihilating" effect of damages on Defendants' business and the corresponding policy considerations behind allowing or disallowing a class action in light of such concerns. Although the Court acknowledges that the factors enumerated in Rule 23(b)(3) above are not exhaustive, the Court is not persuaded that Defendants' concerns about the potentially ruinous effects of a judgment, settlement or other resolution regarding damages outweighs the benefit of certifying a class at this stage of the litigation. As Plaintiff has noted, the potential for a large damage award should not be considered in assessing the superiority of class certification. Class relief under Rule 23 is available for any claim unless Congress has expressly restricted relief. See Califano v. Yamasaki, 442 U.S. 682, 700 (1979). Congress has not restricted class relief under FACTA and in this instance, nor will this Court.

Doc. 89, at p. 10. Defendant makes no new arguments and is simply rearguing its prior opposition. As such, Defendant cannot meet its burden of demonstrating a change in circumstance that justifies decertification of the class.

Notably, Defendant has failed to apprise the Court of a significant development in FACTA litigation. Since the Court's ruling on class certification, the Ninth Circuit, in *Bateman*

*v. American Mulit-Cinema, Inc.*, 2010 WL 3733555 (9th Cir. Sept. 27, 2010) has explicitly held that the potential damages facing a defendant for FACTA violations is not an appropriate consideration for determining whether a class should be certified. Accordingly, virtually all of Defendant's authority is no longer valid.

In *Bateman*, the defendant faced potential damages ranging from $29 million to $290 million (a figure that dwarfs the potential damages in this case, i.e., $4.5 million to $45 million) for violations of FACTA. *Id.* at *1. Further, the defendant modified its machines to actually comply with FACTA's truncation requirements after the suit was filed. *Id.* at *2, n.2. The district court denied class certification, finding that Rule 23's superiority requirement had not been satisfied, because class treatment could result in enormous liability completely out of proportion to any harm suffered by the plaintiff, and because the defendant demonstrated good faith in attempting to comply with FACTA. *Id.* at *3. Notably, these are reasons now cited by Defendant as basis for arguing that the class should be decertified. However, the Ninth Circuit explicitly found otherwise and reversed the district court's denial of class certification: "We conclude that none of these three grounds-the disproportionality between the potential liability and the actual harm suffered, the enormity of the potential damages, or AMC's good faith-justified the denial of class certification and hold that the district court abused its discretion in relying on them." *Id.*

As the Court is aware, Defendant is representing and has represented that most courts have denied class certification in similar FACTA cases for failure to prove superiority based upon the enormous damages facing defendants in such cases. In its prior briefing in opposition to class certification, Defendant cited twenty-three (23) different FACTA cases from federal district courts in California that denied certification on this basis. See Doc. No. 66, at p. 15-16,

n. 1. The Ninth Circuit's opinion in *Bateman* renders virtually all of Defendant's authority invalid.

The *Bateman* decision is consistent with existing authority on the issue. In *Reiter v. Sonotone Corp.*, 442 U.S. 330 (1979), the Supreme Court held that the "potentially ruinous effect" of a treble damage class action judgment was not a reason to preclude relief under the Clayton Act because the reasonableness of the treble damage remedy, even as amplified by Rule 23, is a "policy consideration[] more properly addressed to Congress than to this Court." *Id.* at 344-45. In his concurring opinion, Justice Rehnquist stated that "the problem, if there is one, is for Congress and not the courts." *Id.* at 346 (Rehnquist, J., concurring). Thus, the fairness of the statutory penalty for the specific form of violation alleged here has been decided by Congress in enacting the law and any determination by the Court that it would be "unfair" is an improper consideration in deciding whether a class action is the superior method of adjudication. As the Supreme Court recently stated:

> [Defendant]'s aggregate liability, however, does not depend on whether the suit proceeds as a class action. Each of the 1,000-plus members of the putative class could (as [Defendant] acknowledges) bring a freestanding suit asserting his individual claim. It is undoubtedly true that some plaintiffs who would not bring individual suits for the relatively small sums involved will choose to join a class action. That has no bearing, however, on [Defendant]'s or the plaintiff's legal rights.

*Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co., Inc.*, 130 S.Ct. 1431, 1443 (2010); *see also ESI Ergonomic Solutions, LLC v. United Artists Theatre Circuit, Inc.*, 50 P.3d 844 (Ariz. Ct. App. 2002) (rejecting economic impact as factor in superiority analysis).

Moreover, in specifically considering 15 U.S.C. §1681n, the relevant damage provision in this lawsuit, the Seventh Circuit, in *Murray v. GMAC Mortgage Corp.*, rejected the argument that a class action's superiority is threatened by high potential liability on the part of the

defendant. 434 F.3d 948 (7th Cir. 2006). The Seventh Circuit held that damages under 15 U.S.C. §1681n were instituted by Congress, and therefore, while the statute remained on the books, "it must be enforced rather than subverted." *Id.* at 954. The Court explained that "[t]he reason that damages can be substantial [] does not lie in an 'abuse' of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per person," without providing a statutory damages cap. *Id.* at 953. (citing 15 U.S.C. 1681n(a)(1)(A)). Accordingly, the Seventh Circuit reversed the district court's order denying class certification and held that class certification should have been granted because "it is not appropriate to use procedural devices to undermine laws of which a judge disapproves … While [the FCRA] remains on the books, … it must be enforced rather than subverted." *Id.* at 954. In fact, Congress did *not* restrict class action relief for FACTA violations.[1] With every opportunity to reduce or eliminate the amount of statutory damages available, or even provide a cap on liability, Congress has refrained from doing so.

Furthermore, that "ruinous" damages should not be considered in the superiority analysis is particularly compelling in circumstances such as this, where the size of the class, and therefore, the potential class liability, is entirely within the control of Defendant. *See ESI Ergonomic Solutions*, 50 P.3d at 851. To deny the superiority of a class action because the size of the class made the damages "annihilating," would serve to encourage a violation of the statute on a grand rather than a small scale. *Id.*; *see also Beringer*, 2008 WL 4390626, at *5. ("Defendant appears to be arguing that a class action might be appropriate for brief, less significant violations of the statute, but when the violation is longer and more serious, the court

---

[1] Indeed, Congress had the opportunity to restrict or eliminate class relief under FACTA as recently as June 3, 2008, when the Credit and Debit Card Receipt Clarification Act of 2007 ("CDCRCA"), which amended FACTA, was signed into law. Congress affirmatively chose not to do so. However, Congress has chosen to restrict class relief in other statutes. *See, e.g.,* 15 U.S.C. § 6614 (limiting Y2K class actions); 29 U.S.C. § 732(d) (barring designated agency class actions); 15 U.S.C. § 2310(e) (restricting consumer warranty class actions).

11

should refuse to certify the class. The court is not prepared to adopt such a counterintuitive conclusion.").

Defendant further argues that decertification is appropriate because even if Plaintiff were to prevail in this case, it is highly unlikely that there will be any recovery to the class. This is simply a restatement of its "annihilating damages" argument. The two cases cited by Defendant in support of this unconvincing assertion are inapposite. In *Barnett*, the defendant was bankrupt, with an estimated $50 million in secured claims and only $10 million in assets. See *Barnett v. Experian Information Solutions, Inc.*, 236 F.R.D. 307, 308 (E.D. Tex. 2006). Further, the defendant possessed "limited insurance coverage" and the FDCPA precluded the class from a monetary recovery because of the company's condition. *Id.* In *Day*, the *Plaintiff* was granted decertification when Defendant confirmed it had *no assets*, and no ability to send out class wide notice. See *Day v. Check Brokerage Corp.*, 2009 WL 4931739, at*1 (N.D. Ill. December 15, 2009).

Unlike the defendants in *Barnett* and *Day*, Defendant JP's possesses considerable assets, significant insurance coverage for the pending disputes, and has given the Court no indication that bankruptcy is imminent. Furthermore, unlike the FDCPA, FACTA does not limit the amount of recovery based on the financial condition of the company. Thus, to the extent a party's financial condition is a relevant consideration to the class certification inquiry, Defendant's conclusory assertions that it suffers from a "negative equity" is simply unpersuasive. Regardless, as noted in the Court's certification Order, and discussed below, "the potential for a large damage award should not be considered in assessing the superiority of class certification." Doc. No. 89 at p. 10.

Finally, Defendant suggests that class certification is appropriate when "it would simply hand the plaintiff a cudgel with which to intimidate a defendant into a 'blackmail settlement,' which is defined as 'settlements induced by a small probability of an immense judgment in a class action.'" Defendant suggests that this is true even in "weak cases" or where the defendant considers the claims worthless. However, this lawsuit cannot be characterized as a weak case simply filed to extract a settlement from Defendant. This is confirmed by the Court's Order denying most of Defendant's arguments for summary judgment and in granting in part Plaintiff's motion for summary judgment.

Again, Defendant has made no credible showing that it lacks the resources (or insurance coverage) to defend this case to a conclusion and appeal if necessary, or that doing so would run the risk of ruinous liability. Nor can the Court be convinced, based on Defendant's own actions, that by denying its motion for decertification, Defendant will have no recourse but to settle. In reality, Defendant (and its insurer) has rigorously defended this action since its inception and has continuously refused to participate in any form of settlement discussions, negotiations and/or settlement conferences. *See* Doc. No. 209. Indeed, it is Defendant's actions (or inactions), which have now resulted in costly and time-consuming class action litigation.

### D. The Class Is Administratively Manageable.

Finally, Defendant suggests that the class device is not manageable. The basis for Defendant's arguments rests on its contention that, under the notice plan ordered by the Court, there is no assurance publication of notice will have any likelihood of actually notifying the class members. Again, Defendant's arguments are simply a restatement of its opposition to Plaintiff's proposed notice plan. The Court specifically addressed this issue in ordering that notice could be provided to class members via publication. Doc. No. 211. In fact, Defendant explicitly

13

recognizes that the Court disagreed with the argument that it previously presented and the one it now asserts: "This Court has now agreed with Plaintiff on the class notice issue…" Yet, in now seeking decertification, Defendant has not identified a new or changed circumstance that would justify decertification.

As discussed in Plaintiff's motion for approval of class notice, notice by publication is permitted by Rule 23. Individual notice is not always required. If individual notice was always required for all Rule 23(b)(3) classes, Rule 23 would say so. However, it does not; instead, Rule 23 simply mandates that individual notice be given to class members "who can be identified by reasonable effort." Rule 23(c)(2)(B). Here, the Court has already determined that publication of notice and posting within Defendant's place of business is sufficient to satisfy due process concerns.

Furthermore, Defendant's complaints with respect to the timeline for class notice are moot. At this time, the Court has made no class-wide determination on the merits. See Doc. No. 197. Lastly, Defendant complains about the timing of notice to be provided. Defendant complains that "Plaintiff has still not provided the requisite notice." However, Defendant purposefully ignores that it sought to delay the publishing of class notice. As the Court is aware, the parties filed a *joint* motion to delay class notice. See Doc. No. 218. The parties jointly cited several reasons for delaying the publication of notice, such as Defendant's petition for interlocutory appeal before the Eighth Circuit, Defendant's instant motion to decertify, and the scheduled settlement conference that was moved to October 19, 2010, due to Defendant's inability to attend on the original scheduled date. Therefore, Defendant's suggestion that Plaintiff is solely to blame for notice not yet being provided is disingenuous. Also pending is

14

Plaintiff's Motion for Reconsideration. See Doc. No. 219. The required notice process will be instituted immediately upon the Court's guidance with respect to these pending motions.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Decertify the Class.

**Dated: October 18, 2010**                     Respectfully submitted,

>                      WALTERS BENDER
>                      STROHBEHN & VAUGHAN, P.C.
>
> By:     **s/R. Frederick Walters**
>                      R. Frederick Walters,  MO Bar #25069
>                      2500 City Center Square
>                      1100 Main Street
>                      P.O. Box 26188
>                      Kansas City, MO 64196
>                      Telephone:   (816) 421-6620
>                      Facsimile:   (816) 421-4747
>                      fwalters@wbsvlaw.com
>
>                      **ATTORNEYS FOR PLAINTIFF AND CLASS**
>
> McCLELLAND LAW FIRM
> *A Professional Corporation*
>
>                      Kelly L. McClelland,  MO Bar #27156
>                      Kenneth E. Cox,       MO Bar #51861
>                      Jerome M. Patience,   MO Bar #51965
>                      Ryan L. McClelland,   MO Bar #59343
>                      The Flagship Building
>                      200 Westwoods Drive
>                      Liberty, Missouri   64068-1170
>                      Telephone:   (816) 781-0002
>                      Facsimile:   (816) 781-1984
>                      kmcclelland@mcclellandlawfirm.com
>                      kcox@mcclellandlawfirm.com
>                      jpatience@mcclellandlawfirm.com
>                      ryan@mcclellandlawfirm.com
>
>                      **ATTORNEYS FOR PLAINTIFF AND CLASS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2010, the foregoing document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send a notice of such filing to the following:

Joseph Gagnon, Esq.
Gagnon Law Firm, LLC
P.O. Box 208
504 Center St., Ste. E
Lathrop, MO 64465
jgagnon@gagnonlawfirm.com

I further certify that on October 18, 2010, the foregoing document was mailed via United States Postal Service to the following non CM/ECF participants:

James K. Borcia, Esq.
Tressler LLP
233 South Wacker Drive
Suite 2200 – Sears Tower
Chicago, IL 60606

By: s/R. Frederick Walters

**ATTORNEYS FOR PLAINTIFF AND CLASS**