**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| STEVEN E. HAMMER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) No. 08-0339-CV-W-FJG |
| JP'S SOUTHWESTERN FOODS, L.L.C. d/b/a JOSE PEPPER'S BORDER GRILL & CANTINA; and DOES 1 through 10, inclusive, | ) ) ) ) |
| Defendants. | ) |

# ORDER

Pending before the Court are the parties' objections to proposed voir dire questions (Doc. Nos. 283, objecting to 281; and 285, objecting to 280). The Court's rulings on the specific objections follow.[1] However, at the outset, the Court notes that its practice is to do the majority of the voir dire itself, giving each side **10 minutes** to ask any questions not covered by the Court. That practice will be followed in this case as well, and the parties will be allowed 10 minutes each to ask questions not covered by the court and where the other sides' objections have not been sustained (as seen below). Furthermore, for the parties' reference, the Court will indicate below where the questions proposed by the parties will be asked by the Court.

**I.    DEFENDANT'S OBJECTIONS TO PLAINTIFF'S PROPOSED VOIR DIRE QUESTIONS (Doc. No. 283)**

   A.    INTRODUCTION

---

[1] Notably, there is significant overlap between the issues presented in the parties' proposed voir dire. To the extent that both sides have presented argument on a particular issue, that issue is dealt with in the context of the rulings to the objections to plaintiff's proposed voir dire (Section I of this Order).

1. Plaintiff in this case is an individual by the name of Steven E. Hammer.

Objection: Plaintiff identifies himself as an individual but fails to disclose that he is acting as a class representative.

**Ruling: For defendant.  However, the Court will ask this question**.

2. Seated at the counsel table representing plaintiff are R. Frederick Walters and Bruce V. Nguyen from the firm of Walters Bender Strohbehn and Vaughan, P.C. in Kansas City, Missouri and Kelly McClelland and Ryan McClelland of McClelland Law Firm, P.C. in Liberty, Missouri. Also seated at plaintiff's counsel table is Ms. Joanne Haake, Paralegal.

Objection: There is no need to identify the locations of the parties' counsel. Plaintiff seeks to do this to engender support from the local jury.

Response: This section will give the Court the opportunity to introduce the parties and their respective counsels.

**Ruling: Objection overruled.  The Court will ask this question.**

3. Defendant in this case is JP's Southwestern Foods, LLC d/b/a/ Jose Pepper's Border Grill & Cantina. Seated at the counsel table representing Defendant JP's Southwestern Foods, LLC d/b/a Jose Pepper's Border Grill & Cantina are James K. Borcia of Tressler LLP in Chicago, Illinois, and Joseph Gagnon of the Gagnon Law Firm, LLC, in Lathrop, Missouri.

Objection: There is no need to identify the locations of the parties' counsel. Plaintiff seeks to do this to engender support from the local jury.

Response: This section will give the Court the opportunity to introduce the parties and their respective counsels.

**Ruling: Objection overruled.  The Court will ask this question.**

### B. EXPLANATION OF VOIR DIRE PROCEDURE

Voir dire is a time when the court and, if necessary, the attorneys for each of the parties will ask questions of members of the panel. After the questions are asked and answered by members of the panel, then the members on the panel will be reduced to six (6) persons and two (2) alternates who will serve as the jury.

Objection: This section is not necessary.

Response: This will provide meaningful guidance and direction to the panel members about the voir dire process.

**Ruling: Objection sustained. The Court will advise the jury on these issues.**

    C.    IMPORTANCE OF VOIR DIRE

Note-Defendant makes the following objection to the entire "Importance of Voir Dire" Section.

Objection: This section is not necessary.

Response: This will provide meaningful guidance and direction to the panel members about the voir dire process.

**Ruling: The Court will advise the jury in its own manner on the subjects covered in this section.**

    D.    BRIEF STATEMENT OF THE CASE

In 2003, Congress amended the Fair Credit Reporting Act through the amendment of the Fair and Accurate Credit Transactions Act (also known as "FACTA"), to assist in the prevention of identity theft as well as credit card and debit card fraud. FACTA provides in relevant part:

> [N]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.

FACTA gave merchants who accept credit cards and/or debit cards up to three years to comply with its requirements, requiring full compliance with its provisions no later than December 4, 2006.

On August 30, 2007, Mr. Hammer was a customer at Jose Pepper's on NW Barry Road and paid for his food and drink with his Visa credit card. The credit card receipt that was given to Mr. Hammer by Jose Pepper's had printed on it his entire credit card number and expiration date. The credit card receipt was in violation of FACTA.

Objection: This section is neither necessary nor proper in the context of voir dire.

Response: This will provide a general statement about the facts of this case and give the

3

panel members some background regarding the nature of this proceeding. This is necessary for an effective and meaningful voir dire.

**Ruling: Objection is overruled. However, the parties are ORDERED to craft a one-paragraph joint statement of the case to be read by the Court. This statement shall be submitted on or before MONDAY, JULY 23, 2012.**

E. ACQUAINTANCE WITH PLAINTIFF

7. Does anyone on the panel or any of your immediate family or friends know of or ever heard of Kathryn J. Hammer, Kerry L. (Hammer) Schindler or Emily K. (Hammer) McClain?

Objection: There is no need to introduce Plaintiff's children. They are not witnesses to the case, have nothing to do with the case, and are interjected merely to gain jury sympathy.

Response: Defendant has listed Kathryn J. Hammer (Plaintiff's wife) on its own Proposed Witness List. Thus, whether anyone on the panel or any of the panel's immediate family knows Mrs. Hammer (or her children), is necessary to determine if improper bias exists.

**Ruling: Objection sustained. The Court will be asking this question.**

F. KNOWLEDGE OF DEFENDANT

9. Does anyone on the panel or any of your immediate family or friends know of, or ever heard of, Mr. Charles Erwin? Mr. Erwin currently resides in North Carolina.

Objection: There is no need to identify the location of Mr. Erwin or his residence. Plaintiff seeks to do this to engender support from the local jury. Also, Mr. Erwin is no longer an owner in JP's.

**Ruling: Objection overruled. The Court will ask this question.**

10. Mr. Edward J. Gieselman is also the owner or part owner of several other corporations and/or limited liability companies in the States of Missouri and Kansas. Each of the corporations and/ or limited liability companies owns and operates a separate restaurant. I will read you a list of the corporations and/or limited liability companies, the name and location of the restaurant, and the owner and ownership percentage for each to see if you are familiar with any of Mr. Gieselman's companies or restaurants:

[Plaintiff then lists all 11 LLCs, Restaurant Names, Restaurant Addresses, and Mr.

Gieselman's Ownership percentage in each.]

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

Response: Such inquiries are necessary to determine if improper bias exists.

**Ruling: Objection sustained.**

> 11. Has any member of the panel or any of your immediate family or friends ever been to, visited, ate at or been a patron of any of the restaurants previously listed?
>     a. If so, which restaurant were you at?
>     b. When was the last time you were at the restaurant?
>     c. How many times have you been in one of the restaurants?
>     d. Did you pay cash or by credit card?
>     e. If you paid by credit card, did you look at your receipt to see if all your credit card numbers and expiration date were listed on your copy of the receipt.
>     f. Anything about that experience that would affect your duties as a juror?

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

Response: Such inquiries are necessary to determine if improper bias exists.

**Ruling: Objection sustained. These questions may only be asked as to the restaurant in question in this case.**

> 12. Has any member of the panel or any of your immediate family or friends ever been employed at any of the restaurants previously listed?
>     a. If so, which restaurant?
>     b. What were your duties?
>     c. Do you know of Mr. Edward J. Gieselman?
>     d. Were you told who Mr. Edward J. Gieselman was when you were hired?
>     e. When did you begin your employment?
>     f. Are you still employed there?
>     g. When did your employment end?
>     h. If you are no longer employed there, did the employment

      relationship terminate satisfactory to you?
    i. Anything about that experience that would affect your duties as a juror?
    j. If you were the plaintiff in this case, wouldn't you feel more comfortable if members of the jury panel had not worked or been employed by any of the restaurants owned by Mr. Edward J. Gieselman in this case?

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

Response: Such inquiries are necessary to determine if improper bias exists.

**Ruling: Objection sustained.**

   13. Mr. Edward J. Gieselman is also affiliated with some other LLC's by the names of Jose Pepper's Restaurants, LLC, Jose Pepper's 3, LLC, Jose Pepper's Liberty, LLC and Espinaca, LLC.

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

Response: Such inquiries are necessary to determine if improper bias exists.

**Ruling: Objection sustained.**

   14. Has any member of the panel or any of your relatives or friends ever heard of Jose Pepper's Restaurants, LLC, Jose Pepper's 3, LLC, Jose Pepper's Liberty, LLC and Espinaca, LLC?

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

Response: Such inquiries are necessary to determine if improper bias exists.

**Ruling: Objection sustained.**

   15. Mr. Edward J. Gieselman is also 100% owner of a corporation by the name of Northstar Restaurants, Inc. Mr. Gieselman is the President, Secretary, Treasurer and only Board of Director of Northstar Restaurants, Inc. Northstar manages Jose Peppers Border Grill and

Cantina through a management agreement.

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

Response: Northstar was responsible for providing "management services" to Defendant JP's restaurant during the time period in question. Defendant also listed several employees of Northstar on its Proposed Witness List. Thus, such inquiries are necessary to determine if improper bias exists.

**Ruling: Objection overruled. This question will be asked by the Court.**

    16. Has any member of the panel or any of your relatives or friends ever heard of Northstar Restaurants, Inc.?

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

Response: Northstar was responsible for providing "management services" to Defendant JP's restaurant during the time period in question. Defendant also listed several employees of Northstar on its Proposed Witness List. Thus, such inquiries are necessary to determine if improper bias exists.

**Ruling: Objection overruled. This question will be asked by the Court.**

    17. Mr. Gieselman through his restaurants and companies also sells products in grocery stores. Jose Pepper's Espinaca and Salsa dips are sold at local Hen House, Hyvee's and Price Chopper grocery stores.
        a. Has any member of the panel or any of your immediate family or friends ever purchased either of the Jose Pepper's dips at your local grocery store?
        b. Is there anything about purchasing and eating Jose Pepper's Espinaca and/or Salsa dips that would affect your duties as a juror?

Objection: Such is done by Plaintiff to give a false picture of Defendant's financial situation and to seek to have the jury make non-parties liable for Plaintiff's claim. This is also in violation of this Court's in limine order (ECF Doc. No. 201 p. 8).

**Ruling: Objection overruled. This question will be asked by the Court.**

G. ACQUAINTANCE WITH COUNSEL

Objection to entire section: There is no need to identify the geographical locations of the parties' counsel. Plaintiff again seeks to do this to engender support from the local jury. Also, Plaintiff seeks to bias the jury against Defendant with comparing the size of the law firm representing the Defendant with the size of the law firms representing Plaintiff. There is no need for the jurors to hear all of the members of Plaintiff's firm, and Plaintiff proposes that not be done with Defendant's firm and suggests the sarcastic and prejudicial comment "I will not read the names of the attorneys at the Tressler LLP law firm" to suggest that JP's is being represented by a large law firm.

Response: Such inquiry is necessary to determine if improper bias exists.

1. Plaintiff Steven E. Hammer is represented by two (2) separate law firms. One of the law firms is Walters Bender Strohbehn & Vaughan, P.C. with its office in downtown Kansas City, Missouri in the City Center Square building at 1100 Main Street.

**Ruling: Objection sustained.**

2. Have you or any members of your immediate family ever been employed by the Walters Bender Strohbehn & Vaughan, P.C. law firm?

**Ruling: Objection sustained. The Court will inquire as to these matters.**

3. Has any member of the panel or any of your relatives or friends ever been involved in a legal transaction or proceeding in which Walters Bender Strohbehn & Vaughan, P.C. represented one of the parties?

**Ruling: Objection sustained. The Court will inquire as to these matters.**

4. Now I am going to read you the names of each member of the law firm of Walters Bender Strohbehn & Vaughan, P.C., and I want you to raise your hand as I read the list if any of your or your immediate family are acquainted, either personally, professionally, by reputation, or have had any work done by any of the names I read: [Plaintiff then lists 21 names.]

**Ruling: Objection overruled; if plaintiffs wish to ask this question, however, they must use the 10 minutes given to them by the Court.**

5. I've asked about whether your personally have had dealings with this law firm; this question is directed to representation of your businesses

8

employers. Has Walters Bender Strohbehn & Vaughan, P.C., or any members of the firm that I just read to you, ever represented any business with which you have been connected? This question is not limited to just this type of litigation but to any other matter.

**Ruling: Objection overruled.**

    6.    Are any members of the panel or your immediate family or friends acquainted personally or socially with any lawyers or employees of Walters Bender Strohbehn & Vaughan, P.C.?

**Ruling: Objection overruled.**

    7.    The other law firm that represents Mr. Steven E. Hammer is the McClelland Law Firm, P.C. with its office in Liberty, Missouri in the Flagship building.

**Ruling: Objection overruled.**

    8.    Have you or any members of your immediate family ever been employed by the McClelland Law Firm, P.C.?

**Ruling: Objection overruled.**

    9.    Has any member of the panel or any of your relatives or friends ever been involved in a legal transaction or proceeding in which the McClelland Law Firm, P.C. represented one of the parties?

**Ruling: Objection overruled.**

    10.    Now I am going to read to you the names of each member of the McClelland Law Firm, P.C. and I want you to raise your hand as I read the list if any of you or your immediate family are acquainted, either personally, professionally, by reputation, or have had any work done by any of the names I read: [Plaintiff then lists 4 names.]

**Ruling: Objection overruled; if plaintiffs wish to ask this question, however, they must use the 10 minutes given to them by the Court.**

    11.    I've asked about whether your personally have had dealings with this law firm; this question is directed to representation of your businesses or employers. Has the McClelland Law Firm, P.C. or any members of the firm that I just read to you, ever represented any business with which you have been connected? This question is not limited to just

this type of litigation but to any other matter.

**Ruling: Objection overruled.**

12. Are any members of the panel or your immediate family or friends acquainted personally or socially with any lawyers or employees of the McClelland Law Firm, P.C.?

**Ruling: Objection overruled.**

13. Defendant JP's Southwestern Foods, LLC d/b/a Jose Pepper's Border Grill & Cantina is represented by two law firms. The first law firm is Tressler LLP, located in Chicago, Illinois. The law firm of Tressler LLP has more than 135 attorneys practicing in seven offices across the country. I will not read the names of the attorneys at the Tressler LLP law firm.

**Ruling: Objection sustained; the Court will inquire about this information.**

14. Have you or any members of your immediate family been employed by the Tressler LLP law firm?

**Ruling: Objection overruled.**

15. Has any member of the panel or any of your relatives or friends ever been involved in a legal transaction or proceeding in which Tressler LLP represented one of the parties?

**Ruling: Objection overruled.**

16. I've asked about whether you personally have had dealings with Tressler LLP; this question is directed to representation of your businesses or employers. Has Tressler LLP, or any members of the firm ever represented any business with which you have been connected? This question is not limited to just this type of litigation but to any other matter.

**Ruling: Objection sustained.**

17. Are any members of the panel or your immediate family or friends acquainted personally or socially with any lawyers or employees of the Tressler LLP law firm?

**Ruling: Objection sustained.**

18. Defendant JP's Southwestern Foods, LLC d/b/a Jose Pepper's Border Grill & Cantina is also represented by Joseph Gagnon of the Gagnon Law Firm LLC, located in Lathrop, Missouri.

**Ruling: Objection overruled.**

19. Have you or any members of your immediate family been employed by the Gagnon Law Firm LLC?

**Ruling: Objection overruled.**

20. Has any member of the panel or any of your relatives or friends ever been involved in a legal transaction or proceeding in which the Gagnon Law Firm LLC represented one of the parties?

**Ruling: Objection sustained.**

21. I've asked about whether you personally have had dealings with Gagnon Law Firm LLC; this question is directed to representation of your businesses or employers. Has the Gagnon Law Firm LLC, or any members of the firm ever represented any business with which you have been connected? This question is not limited to just this type of litigation but to any other matter.

**Ruling: Objection sustained.**

22. Are any members of the panel or your immediate family or friends acquainted personally or socially with any lawyers or employees of the Gagnon Law Firm LLC?

**Ruling: Objection overruled.**

K. DAMAGES

1. The FACTA statute provides that when a merchant willfully displays more than the last five digits of the credit card number on a receipt that damages at a minimum of $100.00 up to a maximum of $1,000.00 shall be awarded without actual damages or proof of actual identity theft
   a. Does anyone have a problem or concern awarding statutory damages when there are no actual damages?
   b. If so, why?
   c. If the Court instruct you that statutory damages shall be

      awarded when there is no actual damages, will you follow the Court's instruction?
  d. Does anyone have a problem or concern awarding statutory damages when there is no proof of actual identity theft?
  e. If so, why?
  f. If the Court instructs you that statutory damages shall be awarded when there is no proof of actual identity theft, will you follow the Court's instruction?

Objection: There is no need for this section. Also, this section is argumentative, and Plaintiff attempts here to interject his theory of the case and to test the waters to determine jury support for his claim.

Response: This is necessary to determine whether a panel member has an improper bias against statutory damages provisions as a whole, this specific statutory damage provision, or the availability or award of statutory damages without the presence of actual damages. These inquiries are specifically designed to determine if panel members will follow the Court's guidance with respect to the statutory damages available in this case.

**Ruling: Objection sustained.**

  M. INSURANCE

    Defendant makes the following objection to the entire "Insurance" Section:

Objection: Plaintiff's attempt to interject insurance into this case is improper and in violation of the Court's in limine order. (ECF Doc. No. 201 p. 6-7).

Response: Such questions will not imply that Defendant is insured or that the matter of insurance or lack of insurance is to be considered in reaching a verdict. Thus, such inquiries are necessary to determine if improper bias exists.

    1. Has any member of the panel, your immediate family or friends ever been employed by either Argonaut Great Central Insurance Company, Armco Insurance Company and Haake Insurance Companies?

**Ruling: Objection sustained.**

    2. Has any member of the panel, your immediate family or friends ever had an insurance policy with either Argonaut Great Central Insurance Company, Armco Insurance Company or Haake Insurance Companies?

**Ruling: Objection sustained.**

3. Has any member of the panel, your immediate family or friends ever owned stock or been a shareholder in either Argonaut Great Central Insurance Company, Armco Insurance Company and/or Haake Insurance Companies?

**Ruling: Objection sustained.**

N. LENGTH OF TRIAL

This trial should last one week or five trial days. We generally hear evidence from about 8:30 a, to about 5:00 pm, with a morning break, a lunch break and an afternoon break. Does any member of the panel have any medical problems or medical situations in their immediate family which are of such concern to you that you will not be able to serve for one week?

Is there anything extraordinary happening in your work or family life that would distract you from attentively hearing this case?

Does anyone have a medical condition that will affect your ability to hear evidence for this length of time?

Does anyone have anything they need to discuss with the Judge out of hearing of the rest of the panel?

Objection: This section is not necessary or proper in the context of voir dire.

Response: Such inquiries are necessary for an effective and meaningful voir dire.

**Ruling: Objection sustained. The Court will inquire as necessary into these matters.**

N [sic]. ORDER OF PROOF

Defendant makes the following objection to the entire "Order of Proof" Section:

Objection: This section is not necessary or proper in the context of voir dire.

Response: Such inquiries are necessary for an effective and meaningful voir dire.

1. As you know, during the course of this trial, someone has to go first. In this case, as in all cases, Plaintiff, which is Steven E. Hammer, gets to offer his opening statement and evidence first. Lawyers sometimes always want to offer their case first because they believe a jury tends to believe what they hear first. This is called primacy. In this case, Defendant JP's Southwestern Foods, LLC d/b/a Jose Pepper's Border Grill & Cantina will present their evidence after Plaintiff Steven J.

13

Hammer. Knowing this order of proof, is there anyone here who believes they will tend to believe Steven E. Hammer's evidence merely because they hear it first?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    2.    All parties as you know are entitled to a fair and just consideration of the evidence. If there is anyone who would tend to believe Steven E. Hammer's evidence merely because he is the Plaintiff?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    3.    Is there anyone who would tend to disbelieve JP's Southwestern Foods LLC d/b/a Jose Pepper's Border Grill & Cantina's evidence merely because it is the Defendant?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    4.    If you are selected as a juror in this case you will be required to put aside any feeling of passion or prejudice and decide this case solely on the evidence introduced during the trial and the instructions that the court will give you concerning the law. Will you do that?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    5.    Does any of you know of any reason why you think that you could not sit in this case and render a just, fair, honest, and impartial verdict?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    6.    The judge will instruct you at the close of the case on the legal rules which you will apply. Is there anyone here who will not be able to follow these instructions? If your own view is that the law should be different, would anyone here not follow the court's direction anyway?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    7.    Is there anyone on the panel who has any preconceived ideas or other attitudes which would cause any of you not to follow the Court's instructions regarding the burden of proof if that instruction is given?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    8.    Has anyone had any experience that makes them unhappy or

14

Case 4:08-cv-00339-FJG   Document 314   Filed 07/11/12   Page 14 of 16

uncomfortable sitting as a juror in this case?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

       9.     Is there anything else any of you think we should know about you as we get ready to begin this case?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

      10.    Anyone know anyone else on the jury or in the courtroom?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

## II. PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS (Doc. No. 285)

### G. MISCELLANEOUS MATTERS
2. Do you understand that a corporation is entitled to the same treatment as an individual under the law?

Objection: The proposed language is argumentative and prejudicial, and should be stricken from the voir dire proceedings. Plaintiff would suggest the following modification, which contains a neutral inquiry: "Does everyone understand that all persons, including corporations, stand equal before the law?"

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

### H. BURDEN OF PROOF
Plaintiff makes the following objection to the entire "Burden of Proof" Section:

Objection: Defendant's proposed inquiries are argumentative and prejudicial, and highly slanted in Defendant's favor. Such questions imply that Plaintiff's lawsuit is without merit, and that the party filing the lawsuit has a high burden to overcome. Defendant has also craftily attempted to raise doubt with the panel regarding the Plaintiff's "entitlement" to recover damages. In any event, such burden of proof instructions are more properly provided to an empanelled jury through appropriately worded jury instructions.

      1.     Do you understand that anyone may file a lawsuit and that the mere filing of a lawsuit does not mean that the lawsuit has any merit?

15

**Ruling: Objection sustained.**

    2.     Do you understand that the law requires that a party filing a lawsuit, in this case Steve Hammer, has the burden of proof?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    3.     Do you understand that in addition to proving his claim, Plaintiff also has the burden to show that he or she suffered damages that he or she is entitled to recover?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    4.     If you are selected as a juror, will you agree to hold Plaintiff to his burdens of proof?

**Ruling: Objection sustained. The Court will inquire into these matters as necessary.**

    **IT IS SO ORDERED.**

                                                   /s/Fernando J. Gaitan, Jr.
                                                 Chief United States District Judge

Dated: July 11, 2012
Kansas City, Missouri