# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEVEN E. HAMMER, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) |
| vs. | ) No. 08-0339-CV-W-FJG |
| JP'S SOUTHWESTERN FOODS, L.L.C. d/b/a JOSE PEPPER'S BORDER GRILL & CANTINA; and DOES 1 through 10, inclusive, | ) ) ) ) |
| Defendants. | ) |

## ORDER

Pending before the Court is Defendant's Motion to Decertify (Doc. No. 327). For the following reasons, the motion is **GRANTED**.

A district court that has certified a class under Rule 23 can alter or revoke class certification at any time before final judgment where a class action is no longer appropriate. General Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 160 (1982). See also Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). Here, the Court finds that decertification is appropriate, given the development of this case since the time of the Court's original rulings (Doc. Nos. 89 and 234).

The Court finds a recent opinion to be persuasive authority in support of this position. See Rowden v. Pac. Parking Sys., — F.Supp.2d —, Case No. 11-01190, 2012 WL 2552694 (C.D. Cal., July 2, 2012). In Rowden, the court found that a proposed class of credit or debit card holders was not ascertainable in that individual inquiries of each member of the class would need to be made to determine whether the card had been used for business or consumer purposes. Id. at *4. The court noted that the proposed class in

Rowden consisted of over 100,000 individuals, and inquiry would need to be made of each to determine whether the card was used for consumer or business purposes (further noting that the receipts for purchase do not disclose consumer status). Id. at *5.

Similar issues are present here. The Court is unaware of any evidence that could be presented at trial that would give any indication as to the number of consumers among the approximately 45,000 credit card receipts that are the subject of this case. Although the Court previously agreed with plaintiff's assertions that claim forms could be used to determine who was entitled to collect damages, the Court has reconsidered its previous positions on the use of such claim forms in this litigation. The Court finds that the use of such forms would be unwieldy, and agrees with defendant that such examination would be a "tragic waste of scarce resources." Doc. No. 327, citing Rowden, 2012 WL 2552694, at *5. The Court further notes that, based on the evidence it is aware of and the proposed jury instructions, it is apparent that the total amount of damages would still be unknown at the time of a jury verdict. Defendant would not know (and could not know) its potential exposure without knowing which of the 45,000 cardholders who received receipts were consumers. Presumably, this would not be known until notice was again provided to class members and forms were returned to plaintiff's counsel. This also makes a determination of an amount of punitive damages (if appropriate) by a jury at trial impossible, as a proper proportionality review depends on knowing what the total statutory damages are.

The Court further agrees with the assessment in Rowden that since FACTA provides plaintiffs with both costs and reasonable attorneys fees in a successful action, there are adequate alternatives for consumers to bring individual suits under FACTA. Id. at *5-6.

Accordingly, the Court finds that (1) the class is not properly ascertainable, creating

difficulties in managing such an action (see Fed. R. Civ. P. 23(b)(3)(D)); (2) individual litigation is a superior method to adjudicate this controversy (see Fed. R. Civ. P. 23(b)(3)); and (3) the class lacks commonality among itself, as there is no simple way to determine who is and who is not a consumer (see Fed. R. Civ. P. 23(a)(2) and 23(b)(3)). The motion for decertification (Doc. No. 327) is **GRANTED.**

  **IT IS SO ORDERED.**

                 /s/Fernando J. Gaitan, Jr.
                 Chief United States District Judge

Dated: July 24, 2012
Kansas City, Missouri