# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEVEN E. HAMMER, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 08-0339-CV-W-FJG |
| JP'S SOUTHWESTERN FOODS, L.L.C. | ) |
| d/b/a JOSE PEPPER'S BORDER GRILL & | ) |
| CANTINA; and DOES 1 through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Pending before the Court are plaintiff's numerous motions (Doc. Nos. 426, 399, 401, 402, 405, and 400). The Court rules as follows:

### I. Plaintiff's Motion in Limine No. 8 to Exclude Evidence or References to Medical Condition (Doc. No. 426)

Plaintiff seeks an order instructing the parties and counsel to not mention any evidence or reference relating to the medical condition of an party or witness in this case, specifically Steven E. Hammer or Edward Gieselman. Plaintiff argues their medical conditions are irrelevant under FRE 402, and the probative value outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury under FRE 403.

Defendant has no objection to excluding evidence relating to plaintiff's medical condition; however, defendant objects to plaintiff's attempt to exclude evidence relating to Mr. Gieselman's medical condition, as Mr. Gieselman is unable to appear at trial due to his health condition. Defendant argues the jury is entitled to hear evidence of his medical condition to explain why he is not testifying live at trial, and that this evidence meets the test for relevance under FRE 401.

**Ruling: Sustained as to Steven Hammer; overruled in part as to Ed Gieselman. Given that Mr. Gieselman will be unable to be present at trial, the jury is entitled to hear a limited description of the reason why. The parties and counsel will be allowed to inform the jury that Mr. Gieselman is unable to attend trial due to a health condition.**

II.     **Plaintiff's Motion for Pre-Trial Ruling on Use of Leading Questions During Direct Examination of Matt Hench (Doc. No. 399)**

Plaintiff seeks an order allowing him to use leading questions in direct examination of Matt Hench.  Plaintiff argues that Hench is a hostile witness and strongly identified with an adverse party. Hench also told plaintiff he would need to subpoena him to testify.

Defendant argues this motion is without merit for the following reasons:  (1) Hench was not a former employee of defendant JPs, but was employed by North Star only; (2) Hench is not hostile to plaintiff, and in fact Hench was fired by North Star under hostile circumstances; (3) testimony that he would need to be subpoenaed to testify at trial only establishes that Mr. Hench required Plaintiff to follow the law.

**Ruling: Plaintiff's motion is provisionally denied, subject to reconsideration as events unfold at trial.**

III.    **Plaintiff's Motion for Pre-Trial Ruling on Admissibility of Business Records under Federal Rules of Evidence 803(6) and 902(11) (Doc. No. 401)**

Plaintiff seeks an order on the admissibility of business records of Heartland Payment Systems, Inc. ("Heartland"), which were produced by Heartland to the parties pursuant to subpoena duces tecum served on Heartland in 2009 (Bates Nos. HPS00001-HPS581). Plaintiff argues that FRE 803(6) provides an exception to the rule against hearsay for certain types of business records, such as the ones in this case. Plaintiff also has sought certification of a custodian of records that complies with Rule 902(11), see Declaration of Anne C. Gordon, Doc. No. 401, Ex. A.  Plaintiff also filed a Notice of Intent to Authenticate Business Records by Declaration on October 10, 2013.  See Doc. No. 373. Plaintiff argues that defendant was given reasonable written notice of the intent to offer the record and a fair opportunity to challenge them, pursuant to FRE 902(11); and, defendant has not challenged or objected to the notice.

Defendant responds that (1) the records produced by Heartland are not admissible because they are not relevant; (2) the issue of whether the records fall under the business records exception requires foundational testimony at trial, and a declaration/affidavit is not admissible at trial; and (3) Ms. Gordon's declaration does not satisfy Rule 902(11), as the declaration fails to establish that Ms. Gordon is familiar with the creation and maintenance of the subject records.

**Ruling: Plaintiff's motion is sustained as to authenticity, and no records custodian will be needed to testify in person at trial.  However, the Court is concerned that relevance will be an issue for the reasons stated by the defendant, and the Court will take up the relevance issue as such evidence is presented at trial.**

### IV. Plaintiff's Motion for Pre-Trial Ruling on the Authenticity of Documents Produced by Defendant (Doc. No. 402)

Plaintiff seeks an order authenticating documents produced by defendant during the discovery process. See <u>Indianapolis Minority Contractors Ass'n</u>, 1998 WL 1988826, at *6 (S.D. Ind. May 13, 1998) ("The act of production is an implicit authentication of documents produced . . . . Federal Rule of Evidence 901 provides that '[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.") Plaintiff sought a stipulation from defendant as to the authenticity of the following: (1) insurance policies, upgrade invoice, contracts with Heartland & RBS, Maintenance Invoice, Aloha Manual, financial documents & tax returns; (2) Agendas; (3) Heartland documents that your client kept in its own files; (4) JP receipts; and (5) EDC transaction reports copied from defendant's storage facility. Defense counsel refused to stipulate to anything unless plaintiff waived his claim for punitive damages.

Defendant argues the motion is procedurally and substantively improper. Defendant notes that there is no requirement it stipulate to the authenticity of any document prior to trial. Defendant states it has not made a contention that the documents it produced in discovery cannot be used by plaintiff because their authenticity is lacking; instead defendant states that the large majority of the documents cited by plaintiff in his motion are not relevant (including over 4,000 customer credit card receipts, contracts with Heartland and RDS, maintenance invoices, the Aloha manual, financial documents and tax returns, agendas, Heartland documents, and EDC transaction reports), or have already been ruled inadmissible by the court's in limine orders (such as defendant's insurance policies).

**Ruling: Plaintiff's motion is sustained as to authenticity. Again, however, the Court is concerned that relevance will be an issue for the reasons stated by the defendant, and the Court will take up the relevance issue as such evidence is presented at trial.**

### V. Plaintiff's Motion for Ruling on Use of Testimony as Party Admissions in Light of Defendant's Deposition Designations and Objections (Doc. No. 405)

Plaintiff seeks an order finding the deposition testimony of (a) defendant's corporate representative (30(b)(6)) Mitchell Osborn and (b) the individual in charge of managing defendant's software, Danni Harrison; to be admissible under 32(a)(3) even though those individuals will be available to testify live at trial, as Rule 32(a)(3) allows one to "use for any purpose the deposition of a party or anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6) or 31(a)(4).

In response, defendant notes that both Osborn and Harrison will be witnesses who will

testify live at trial, and there is no need to read any of their deposition testimony at trial. Further, defendant argues that if the court allows Mr. Osborn's testimony to be read to the jury, defendant requests that the Court require plaintiff to introduce the testimony in its counter-designations, pursuant to FRCP 32(a)(6), which provides that "If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Additionally, defendant argues that Ms. Harrison is not a "managing agent" for defendant, as she has never been an employee of defendant (and has only been employed by North Star).

**Ruling: Plaintiff's motion is provisionally denied. Plaintiff will be expected to question these witnesses live at trial. To the extent that plaintiff seeks to offer these witnesses' deposition testimony at trial after (or during) their examination, the Court will rule on the use of plaintiff's deposition designations at that time.**

### VI. Plaintiff's Motion to Publish Undisputed Facts to the Jury (Doc. No. 400)

Plaintiff seeks an order permitting it to publish certain "undisputed facts" to the jury in the upcoming trial. In the alternative, plaintiff requests he be permitted to publish "at the very least the most basic undisputed facts and findings of the Court, such as the provisions of the statute at issue and the fact of its violation by the Defendant." Plaintiff notes that defendant had previously stipulated to some limited facts (see Doc. No. 118, 5/7/10 Joint Stipulation of Facts); however, now defendant has indicated that it will not stipulate to virtually any of the underlying facts. Plaintiff suggests that putting on evidence establishing facts that have already been admitted to and/or agreed-upon in this case will have the effect of lengthening the trial and wasting the Court's and the jury's time. Plaintiff would like the Court to take "judicial notice" of previously determined facts (from the Court's summary judgment order, among other places). Plaintiff also states that the "law of the case" doctrine should be used to allow underlying facts to be published to the jury.

Defendant responds that the motion is procedurally and substantively without merit, as (1) plaintiff has the burden of proof, and defendant is not required to stipulate to anything; and (2) the motion is based on a false premise, i.e., that defendant has already admitted these facts or the Court has already found them to be true based on the summary judgment pleadings, but defendant only conditionally admitted those facts for summary judgment purposes only, which does not make these facts admitted for purposes of trial. See Pagan Colon v. Walgreens de San Patricio, Inc., 269 F.R.D. 165, 168 (D. Puerto Rico 2010). See also Riggs v. Shinseki, No. 4:08CV998 FRB, 2010 WL 3584296, *1 (E.D. Mo. Sept. 7, 2010) (finding uncontroverted facts on summary judgment admitted only for purposes of summary judgment consideration). Defendant also notes that (1) Mr. Gieselman's testimony is not necessary to establish any of the proposed facts; (2) the finding that the subject receipt was a technical violation of FACTA can be included in the

jury instructions; (3) many of the "facts" are also matters of law that should be properly provided in jury instructions; (4) "judicial notice" is not appropriate here; and (5) the law of the case doctrine does not apply to these proposed facts, and the Court has discretion to modify its previous summary judgment findings.

**Ruling: Plaintiff's motion is denied. Most of the "facts" plaintiff seeks to introduce are actually matters of law, and the jury will be instructed on the law. Defendant is not required to stipulate to facts at trial that were admitted for purposes of summary judgment briefing. Furthermore, the Court finds judicial notice and the "law of the case" doctrine to be inapplicable to the facts stated by plaintiff.**

    IT IS SO ORDERED.

/s/Fernando J. Gaitan, Jr.
United States District Judge

Dated:   June 18, 2014
Kansas City, Missouri